## LOOMIS ET AL. V. BAILEY ET AL.

1. **County Seat:** RELOCATION OF: POWER OF SUPERVISORS. The board of supervisors are not authorized, after a petition and remonstrance have been presented to them respecting a change in the location of a county seat, to consider an application by any number of the signers that their names be stricken from the remonstrance.

2. **——: ——: PETITION.** To entitle the applicants to a submission of the question to the people, the number of signers to the petition should not only be at least one-half the legal voters of the county, but should also be greater than the number of remonstrants thereto.

*Appeal from Delaware Circuit Court.*

WEDNESDAY, MARCH 21.

THE plaintiffs, voters of Delaware county, petitioned the board of supervisors to submit to the electors of the county the question of the relocation of the county seat, whether it should be removed from Delhi to Manchester. Proof of the

genuineness of the signatures and the qualifications of the signers accompanied the petition. A remonstrance against the removal of the county seat was presented to the board of supervisors, which was also accompanied by proof of the qualifications of the signers and the genuineness of their signatures. At the same time another paper was presented to the supervisors, called a *re-petition*, signed by 418 voters, which states that the names of the signers thereof are affixed to the remonstrance, but their signatures were procured through misapprehension of facts. The signers of this paper asked that their names be stricken off of the remonstrance, and they expressed the desire that the question of the removal of the county seat be submitted to the electors of the county. Upon the consideration of the petitions and the remonstrance, the board of supervisors refused to submit to the voters of the county the question of the relocation of the county seat.

Thereupon a writ of *certiorari*, upon petition of plaintiffs, was allowed by the judge of the Circuit Court, directed to defendants, the supervisors of Delaware county, who made return thereto, showing the proceedings had before them and their action upon sundry questions arising in the case, as well as their final decision.

Upon the trial in the Circuit Court, the rulings of the supervisors upon certain questions were affirmed, and upon another reversed, and the cause was certified back with directions that the petition and remonstrance be again considered and recanvassed, in compliance with the law as determined by the court. From this decision plaintiffs appeal. The further facts of the case involved in the points ruled in the opinion of this court appear therein.

*A. S. Blair, Calvin Yoran, Chas. F. Bronson* and *E. M. Carr*, for appellants.

*J. M. Brayton*, for appellees.

BECK, J.—I. In determining the number of petitioners for the relocation of the county seat and remonstrants against it,

the supervisors refused to consider the paper presented to them, and which is designated by both parties in their pleadings and arguments as a *re-petition.* This was signed by persons who had remonstrated against submitting the question to the voters of the county—whose names appeared upon the remonstrance submitted to the supervisors. This action was held correct by the Circuit Court, and the ruling is made the first ground of objection to its decision.

The proceeding before the board of supervisors for the relocation of the county seat is special in its character. The

1. COUNTY SEAT: relocation of: powers of supervisors.
tribunal is clothed with no other powers than those conferred by the statute creating it. It will be discovered that these powers are few and easy of comprehension. They are these and no others:

1. The reception of petitions and remonstrances.

2. To determine the genuineness of the signatures, and whether the signers be legal voters.

3. To count those persons who both petition and remonstrate, as remonstrants only.

4. To determine whether the number necessary to authorize the submission of the question to the electors of the county, petition therefor.

5. To order an election if the petition be signed by the proper number of voters, or to refuse so to do if the petitioners be not the number required by law. Code, §§ 282, 283, 285.

The supervisors are required by the statute to act upon the petition and remonstrance, after the qualification of the signers as voters and the genuineness of their signatures have been determined. They have no power to inquire into the circumstances under which signers thereto affixed their names, or whether, after they had done so, their views, wishes or wants had changed. They were not, therefore, authorized in this case to consider the application of those persons who signed the paper called the *re-petition* to have their names stricken from the remonstrance, and to be regarded as petitioners for the relocation of the county seat. The wisdom of so restricting the power of the supervisors will plainly appear when it is considered to what extent of investigation, and the uncertainty

thereof, they might be led. If remonstrants, upon change of their wishes, may require the effect of papers upon which the supervisors are to act to be correspondingly changed, so may petitioners. If one change be made, two may, and upon another change of mind the petitioners and remonstrants may require the supervisors to count them on the side they first espoused. Not only would there be almost interminable investigation and great confusion in the business, but invitations would be given to the partizans of the different localities to call to their aid all influences which might tend to change the mind of a voter. These county seat contests are now attended with great bitterness, and sometimes charges have been made of unfair practices therein. The peace of communities and the good of the people forbid that new methods of increasing this bitterness, and other opportunities for unfairness, be introduced into these contests.

II. The number of signers to the remonstrance exceeded the number of names upon the petition. But the number of signers to the petition exceeded a majority of legal voters of the county, as shown by the last preceding census. Counsel for appellants insist that, upon finding this fact, the supervisors should have ordered the election. The Circuit Court held that, to authorize the supervisors to order the election, the petitioners therefor should exceed the number remonstrating against it, and be at least one-half of all the legal voters in the county as shown by the last census. We think the view entertained by the Circuit Court is clearly correct. The section of the Code (285) upon which appellants rely, provides, that upon the presentation of a petition " signed by at least one-half of all the legal voters. of the county, as shown by the last preceding census," and other prerequisites having been complied with, the supervisors shall order a vote to be taken at the next general election upon the question. This section provides that the vote cannot be ordered upon a petition having a less number of signers than is prescribed therein, and that it may be ordered upon that number. But, § 283 provides that, "if a greater number of legal voters remonstrate against the relocation than petition for it, no elec-

*2. ——: ——.*
*petition.*

tion shall be ordered." The two sections are harmonious, and when considered together provide that the election shall not be ordered unless the voters petitioning for the relocation of the county seat exceed those who sign the remonstrance thereto. But in no case shall the vote be ordered unless the petitioners equal one-half of the legal voters, as shown by the last census. If, at the time of the action of the supervisors, the voters exceed the number at the last census, so that a minority of all the voters, signing both the petition and remonstrance, are equal to one-half of the voters enumerated in the census, and such minority petition for the election, it cannot be ordered, for the reason that section 283 provides that no election shall be ordered "if a greater number of legal voters remonstrate against the election than petition for it."

The foregoing discussion disposes of all questions presented in appellants' assignment of errors and argument. We think the decision of the Circuit Court is correct.

AFFIRMED.

SEEVERS, J., having been of counsel in this case, took no part in its decision.