JAMISON ET AL. v. THE BOARD OF SUPERVISORS OF LOUISA
COUNTY.

1. **County Seat**: REMOVAL OF: NAME ON PETITION AND REMONSTRANCE.
Where the name of the same person appears on both the petition for
the removal of a county seat and the remonstrance against it, it must
be counted as that of a remonstrant only. The board of supervisors
have no power to consider re-petitions or re-remonstrances.

2. ———: ———: CERTIORARI: STATUTE OF LIMITATIONS. A writ of
*certiorari* to the board of supervisors, directing them to certify up a
transcript of their proceedings upon the question of the removal of a
county seat, is not barred until twelve months after the adoption of the
order submitting the question to vote. The statute does not commence
to run upon the determination that the petition is signed by the requisite
number of voters.

*Appeal from Louisa Circuit Court.*

TUESDAY, DECEMBER 11.

ON the 17th day of September, 1875, the plaintiffs filed their
petition for a writ of *certiorari*, commanding the board of su-
pervisors of Louisa county to certify up to the court a full
and complete transcript of their proceeding respecting an order
made at the June term, 1875, of said board, submitting to
vote the question of the relocation of the county seat of said
county, including the original petitions, remonstrances and
other papers. The defendants appeared before the judge and
made a showing why the writ should not issue, relying,
amongst other things, upon the statute of limitations. A
writ of *certiorari* issued, and was served on defendants on the
20th day of September, 1875. The answer of the defendants
to this writ shows that on the 2d day of June, 1873, at a regu-
lar session of the board, petitions signed by large numbers
of the citizens of the county were presented, asking for the
removal of the county seat from Wapello to Columbus Junc-
tion; that on June 6, 1873, while the board was engaged in
canvassing the names upon the petitions, remonstrances and
re-petitions, the board was enjoined from further proceeding
by an injunction issued upon the order of Hon. J. B. Drayer,

in a cause wherein Wm. Baker *et al.* were plaintiffs and the board of supervisors were defendants, and that thereupon further consideration of the canvass was adjourned until June 16, 1873; that in the meantime the injunction was so far modified as to permit said board to complete the canvass, count the names and declare the result. The answer further sets forth the action of the board on the 16th day of June, 1873, the record of which is as follows: "And now, the board having examined the petitions, re-petitions, remonstrances and re-remonstrances and counted the names thereon, and having stricken off all illegal names, as far as they have come to the knowledge of the board, have found there are on the petitions proper thirteen hundred and eighty-one names; of these seventy-two signed a remonstrance and should be subtracted, and forty-nine others signed a re-remonstrance which are all also deducted, leaving twelve hundred and sixty names on the first papers. On the remonstrance, after deducting illegal names or names appearing on more than one paper, the board find fifteen hundred and fifty-three names, from which we have deducted the two hundred and ninety names of those signing the remonstrance but subsequently signing the re-petitions, and we add thereto the forty-nine names who signed the re-remonstrance, which leaves the number of remonstrants at thirteen hundred and twelve. The board then added to the petition twelve hundred and sixty, the names of those signing the re-petitions, three hundred and thirty-six, which left fifteen hundred and ninety-six as the number of persons praying for the relocation of the county seat. The board is therefore of opinion that a majority of all the legal voters of Louisa county have petitioned for a removal of the county seat as set forth in the petitions. And we order these proceedings to be entered on the minute book of the board, which was done." The answer further sets forth that the injunction granted in the case of *William Baker v. The Board* was, upon appeal to the Supreme Court, ordered to be dissolved, and that in June, 1875, the board took further action, the record of which is as follows: "Now came on the county seat question for further hearing, in continuance of the duties of the board, arrested by injunc-

tion at their June term, 1873; and it now appearing that said injunction has been dissolved, and it is now the duty of the board to proceed as though said writ had not issued; and it appearing that at said June term, 1873, it was ascertained and determined by said board that said question of relocation had been petitioned for by a majority of all the legal voters of Louisa county, as shown by the last census, etc., it is therefore ordered by the board that, at the next general election, to be held on the 12th day of October, 1875, said question be submitted to the qualified electors of said county, etc., etc." The answer further sets forth that, pursuant to said order, the electors voted upon said question at the October election, 1875, and that the matter of said election is not subject to review by *certiorari;* and that, as to all the proceedings had on June 16th, 1873, and prior thereto, petitioners are not entitled to the writ of *certiorari,* nor to maintain this proceeding, because more than one year had transpired thereafter prior to the institution of these proceedings.

The court found that the action of the board ordering an election, based on the findings of the June session, 1873, was illegal, null and void, and ordered that it be declared void and of no effect. The defendants appeal.

*Hall & Baldwin* and *R. H. Hanna,* for appellants.

*Chas. H. Phelps* and *D. N. Sprague,* for appellees.

DAY, CH. J.—I. From the answer of the defendants it appears that they counted as petitioners for the relocation of the county seat the names of those who signed the remonstrance and afterwards signed a re-petition praying for a relocation. In this way the board found that a majority of all the legal voters of the county had petitioned for a relocation. In *Loomis v. Bailey,* 45 Iowa, 400, we held that if a name appears on both petition and remonstrance it must be counted as a remonstrant only; and that the board cannot inquire into the circumstances under which signers affixed their names, or whether they have changed their minds. Under the doctrines of that case, with which we

*1. COUNTY seat: removal of name on petition and remonstrance.*

are still fully satisfied, the action of the board complained of in this proceeding was clearly erroneous.

II.   The principal question is whether this proceeding can be maintained under section 3224 of the Code, which provides that no writ of *certiorari* shall be granted after twelve months have elapsed from the time the inferior court, tribunal, board or officer has, as alleged, exceeded his proper jurisdiction or otherwise acted illegally.   It is claimed that the board, on the 16th day of June, 1873, made a final and conclusive determination that the petition for relocation was signed by the requisite number of voters, and that the order submitting the question was a mere ministerial act and not illegal so long as the prior determination remained unreversed.   Whilst this position is not lacking in plausibility, we do not believe it to be sound.   The canvass and entering of the result upon the minute book of itself could not affect any one injuriously.   If no order for an election had been made, no one would ever have sustained any injury by the illegal finding that a majority of the legal voters had petitioned for a relocation.   The submission to vote alone caused injury.   The submission involved an adoption and re-affirmance of the former conclusion that enough voters had signed the petition to authorize the submission.   In ordering the submission the board must have determined that the proceeding was of such a character as to render the submission proper.   This determination being erroneous may be reviewed on *certiorari*.   The case has its parallel in, and may be illustrated by, appeals from the District and Circuit Courts, which must be taken within six months from the rendition of the judgment or order appealed from; and yet, upon such appeal rulings upon motions for change of venue, demurrers and the like may be reviewed, though made more than six months prior to the taking of the appeal, if the appeal be taken within six months from final judgment.   We think the judgment of the court below is correct.

<div style="margin-left:2em">**2. ——: ——:**<br>certiorari: statute of limitations.</div>

AFFIRMED.