DUFFEES v. SHERMAN ET AL.

1. **Practice in the Supreme Court:** RECORD. A motion to dismiss an appeal on the ground that the record of the court below was not properly made, will not be sustained.

2. **County Seat:** RE-LOCATION: REMONSTRANTS. The names of persons appearing upon a petition for the submission of the question of the re-location of a county seat, which appear also upon a remonstrance against the submission of the question, are not to be counted on the petition.

*Appeal from Poweshiek District Court.*

FRIDAY, APRIL 19.

THIS is a proceeding by *certiorari* for a review of the action of the board of supervisors of Poweshiek county, in refusing to submit to the legal voters of said county the question of a relocation of the county seat of said county at Malcolm. The writ of *certiorari* was issued, as prayed, to which the defendants made return and answer. The plaintiff filed a reply. The court submitted a finding of facts and conclusions of law, and reversed the action of the board. The defendants appeal.

*A. W. Ballard* and *W. R. Lewis*, for appellants.

*Clark Varnum* and *J. F. Lacey*, for appellee.

DAY, J.—I. Appellee insists that no exceptions were taken and entered, as required by law, and, for that reason, moves to dismiss the appeal. The cause was, by agreement 1. PRACTICE in the supreme court: record of the parties, submitted to the court, to be decided in vacation. The findings of facts and conclusions of law have attached to them the following statement: "To which findings of facts, and conclusions of law therefrom, and each one of them, defendants, at the time, duly excepted." Appellee has

filed what purports to be an amended abstract, stating that
when the court filed his finding and conclusions these were not-
embraced therein, but that the same were inserted over the sig-
nature of the judge, by the clerk of the court, several days after
the same were filed and entered of record. It is not, however,
claimed that this statement is not in accordance with the fact,
nor that the clerk made the correction without the authority
or direction of the court. If the record made up in the court
below does not correctly state the facts, it should have been
corrected there. We cannot correct or change that record
upon a motion to dismiss the appeal. The motion to dismiss.
appeal must be overruled.

II.   The court found the facts to be as follows:

"*First*—That a petition was presented to the board of
supervisors of Poweshiek county, praying that the question of
2. COUNTY SEAT: the change of the location of the county seat from
re-location of :
remonstrants. Montezuma to that of Malcolm, in said county, be
submitted to the voters thereof, which said petition had
attached thereto eighteen hundred and fifty-seven signatures,
and was verified by affidavit as required by law.

"*Second*—Of the signatures to said petition, twenty-three
were not legal voters, for various reasons; some not having
been naturalized, others not having gained a residence, and
still others having left the county.

"*Third*—Proper notice, as required by law, had been given
of the filing and presentation of such petition, and for the
length of time required.

"*Fourth*—Upon the trial before the board of supervisors a
remonstrance was presented, with the signatures of one hun-
dred and fourteen persons, and among this number were the
names of several who had also signed the petition, but just
how many were found to be upon both, by the board of super-
visors, does not clearly appear. Some evidence was intro-
duced tending to show that some of the names were upon
both, and in other cases the board found that they were on
account of the similarity of the names, and for this reason,

Duffees v. Sherman.

that is because the parties had signed both petition and remonstrance, and this was found as before stated, various other names were stricken off and not counted. Just how many, however, were so stricken off for this reason, it is difficult, if not impossible, to determine. In defendants' amended return, the number is stated to be sixty-one, and the names are given; but of these names so given, twenty-two were not signed to the petition, and six of them had been rejected for the reason that they were not legal voters.

"*Fifth*—There was some evidence tending to show that others besides the twenty-three names as above stated were not legal voters, and also evidence tending to show that they were, but the question was never passed upon by the board.

"*Sixth*—At the time of hearing the petition, those favoring the submission of the question presented, and asked leave to file, a supplemental petition, with seventeen additional names, the same being verified by affidavits, as required by statute, which was refused them by the board, and those remonstrating asked leave to file an additional remonstrance, which was duly verified, as was also remonstrance first filed, which was also refused by the board, and this additional remonstrance contained a few of those signing the petition.

"*Seventh*—That one-half the number of votes cast at the election next preceding the presentation of the petition was eighteen hundred and fifteen.

"*Eighth*—That the board, having found that there were among the signatures to the petition twenty-three who were not voters, then, without determining any other question, proceeded to reject a sufficient number of other signatures thereto, to reduce the number below eighteen hundred and fifteen, for the sole and only reason that they had signed both petition and remonstrance; and, having done so, ordered the petition dismissed, and refused to order the question petitioned for submitted to a vote; but no record was kept of the number so rejected, or of the names of such persons, or any rec-

ord, but the fact that the question was ordered not submitted, or, rather, the prayer of the petitioners was refused."

The court found the following conclusions of law:

"*First*—That the said board of supervisors erred in rejecting names from the petition for the fact alone that such petitioners afterwards signed a remonstrance.

"*Second*—That the said board of supervisors erred in dismissing the petition and in refusing to order the question submitted to the voters of Poweshiek county, as petitioned for, and as provided by statute."

Section 283 of the Code is as follows: "Remonstrances signed by legal voters of the county only, and verified in like manner as the petition, may also be presented to the board. If the same persons petition and remonstrate, they shall be counted only on the remonstrance, and if a greater number of legal voters remonstrate against the relocation than petition for it, no election shall be ordered." Section 285 provides: "Upon the presentation of such a petition, signed by at least one-half of all the legal voters in the county, as shown by the last preceding census, * * * * * the board shall order that at the next general election a vote shall be taken between said place and the existing county seat."

These sections must be construed together, and so as, if possible, to give force and effect to all of their provisions. Section 283 provides, in plain and unambiguous language, that if the same persons petition and remonstrate, they shall be counted only on the remonstrance. When a petition is signed by a bare majority of the legal voters of a county, as shown by the last census, and some of these sign a remonstrance, is such petition signed by at least least one-half the legal voters, as shown by the last census, within the spirit and meaning of section 283? We think not. The names on the petition which are also on the remonstrance are not to be counted on the petition. They are there, it is true, but they are there for no purpose, and can have no effect. They are to be treated and considered as though they had been obliterated

Duffees v. Sherman.

and erased. The petition is to be regarded as though they had never been there. In no other way can effect be given to the provision of section 283, that if the same persons petition and remonstrate, they shall be counted only on the remonstrance.

It often happens that the population of a county greatly increases between the time that the last census was taken and the time a petition is presented for the removal of a county seat. In such case a petition may be presented signed by a majority of the legal voters of a county, as shown by the last census, and a remonstrance may also be presented, not containing any names on the petition, and yet having a greater number of signatures of legal voters than are attached to the petition. In such case, under the latter clause of section 283, no election is to be ordered. This construction gives force to all the provisions of these sections, and that it is the proper one we have no doubt. A strong argument in favor of this construction can be drawn from the order in which these provisions appear in the original act, chapter 49, Laws 1862. In that act what has been codified as section 285 appears as section 4, whilst what is codified as section 283 appears as section 9. In the original act, section 283 appears as a limitation or qualification of section 285, its effect being that, notwithstanding the fact that a majority of the legal voters, as shown by the last census, petition for the submission of the question, yet, if a greater number remonstrate against it, the question shall not be submitted.

The court erred in the legal conclusion that the board of supervisors erred in rejecting names from the petition for the fact alone that such petitioners afterwards signed a remonstrance. See *Loomis v. Bailey*, 45 Iowa, 400.

REVERSED.