McCULLOUGH, *ex parte*, AND McCULLOUGH V. BLACKWELL.

1. LIQUORS: *Proceedings under three mile law: Appeal from judgment of county court.*

   Petitioners for a prohibitory order under the three mile law, may appeal to the circuit court from a judgment of the county court rejecting their petition. And a liquor dealer admitted as a party to contest such petition, may also prosecute an appeal from a judgment awarding the order.

2. SAME: *Same: Withdrawal of petitioner on appeal.*

   When a petition to put the three mile law in force has been acted upon by the county court, and an appeal from its judgment prosecuted, a petitioner will not be allowed to withdraw his name in the circuit court, except for good cause.

3. SAME: *Same: Allegations of remonstrance.*

   The allegations of a remonstrance filed against a petition for a prohibitory order under the three mile law, to the effect that certain signatures were unduly obtained, are not evidence and must be sustained by proof.

APPEAL from *Faulkner* Circuit Court.

J. W. MARTIN, Judge.

Blackwell and others petitioned the county court of Faulkner county, under the three mile law, for an order prohibiting the sale or gift of intoxicating liquors within three miles of a certain school-house. McCullough and other licensed dealers were permitted to become parties in the county court

McCullough v. Blackwell.

and contested the petition, which was denied. The petitioners appealed to the circuit court, where the parties resisting the application raised the objection that eighty-one of the persons whose names were on the petition, were not then in favor of the order prayed for; that they signed the petition without understanding it and that their signatures were procured through misrepresentation. The eighty-one petitioners referred to filed a request to be allowed to withdraw from the petition, which was refused on the ground that they could not, in the circuit court, by a mere petition have their names withdrawn. The court found the number of adult residents within the designated limits, at the time the petition was filed in the county court, to be 1094, and that of this number 623 had signed the petition, which was a majority of such residents. The court thereupon held the petition to be sufficient and made the order therein prayed for, and required the county court to enter the same as the order of that court. McCullough moved for a new trial, which being refused, he appealed. He also filed his petition in this court for a writ of *certiorari* to quash the order and proceedings of the circuit court for want of jurisdiction, contending that the law provides for no appeal in such cases from the judgment of the county court. His petition was demurred to and by agreement the appeal and *certiorari* were argued and submitted as one cause.

*Cohn & Cohn*, for appellants.

The practice outlined in 40 Ark., 290, seems to have been followed in this case. The circuit court ought to have heard the petitioners who desired to withdraw from the petition, and allowed them to withdraw if they were imposed on. See 1 Whart. Cont., sec. 529; Morawetz Pr. Corp., (1st Ed.),

sec. 302, n. 1; 2d Ed., vol. 1, sec. 97; 59 Texas, 438; 14 Phil., 251; 13 Id., 241.

*Certiorari* lies where a new jurisdiction is created. 2 Tidd., 1134; 29 Ark., 173; Hempst., 195; 10 Minn., 30, 37; 80 Ala., 287. The remedy here was certiorari to the circuit court. Mansf. Dig., sec. 1368. Where circuit court exceeds its powers, certiorari and not appeal is the remedy. 29 Ark., 173, 181; 24 Wend., 249; 26 Ark., 51.

No appeal is provided for by the law in these cases. Dig., sec. 4524 *et seq.* The petitioners are analogous to voters. 35 Ark., 73 *et seq.* The law contemplates that the county court should not have the power to revoke any order it had made. 35 Ark., 423-4. Under the rule *expressio unius*, etc., sec. 51 of article 7, constitution 1874, contemplated that there should not be an appeal in such cases as these.

Here we, having been made parties, can have certiorari. 45 Barb., 167; 40 Ark., 290; 30 Ark., 578; 26 Id., 461; 26 Id., 95; 32 Id., 45.

Prior to sec. 51, art. 7, constitution 1874, as shown by 30 Ark., 578; 26 Ib., 461; Ib., 95; 32 Ib., 45, no law authorized an appeal by a county, or person who had no pecuniary interest at stake. Sec. 33, art. 7, is not broader than sec. 1436 Mansf. Dig., which was in force when the above decisions were rendered. Indeed, not as broad. Sec. 1436 only provides for appeals in ordinary cases, by parties aggrieved. Besides, sec. 33 is not self-executing, nor does it define who may take an appeal. See Cooley Cons. Lim. (5th Ed.), 98 *et seq.;* 38 Ark., 329; 5 Dillon, 380; 9 Ind., 15.

The general provisions of the law are presumed to be enacted in view of usual and ordinary proceedings, and do not embrace proceedings under special acts. If such special

McCullough v. Blackwell.

acts do not authorize appeals, none can be taken by virtue of the general law. 9 Ind. (Tanner), 475; 16 Ind., 15. Where an inferior court exercises a special limited jurisdiction conferred by statute, no appeal lies unless given by the statute. 8 Md., 5; 15 Md., 193; 7 Gill., 157; 3 Gill., 497; 69 N. Y., 209.

In 35 Ark., 69; 37 Ark., 374; 40 Ark., 290, and 43 Ark., 42, 49, the right of the *liquor seller* to appeal was passed upon, but the right of petitioners under the local option law has never been decided. The ''three mile law'' does not provide for an appeal by either side.

*W. S. McCain* and *E. A. Bolton*, for appellees and respondent.

1. There is no testimony to show that the eighty-one petitioners were imposed on or that their names were procured by fraud. None was offered.

2. The court properly refused to allow the petitioners to withdraw their names. See 40 Ark., 290. The petition is like an election and the petitioners like voters, and after they have signed and the county court has acted, they can no more change than voters can change their votes after voting.

3. As to the right of appeal, see Const., art. 7, sec, 33; Mansf. Dig., sec. 1436; 33 Ark., 508; 34 Id., 240; 43 Id., 42; 43 Id., 33; 44 Id., 509; 50 Ark., 18.

COCKRILL, C. J.

To sustain the *certiorari*, it is argued that the circuit court acquired no jurisdiction to reverse the order of the county court refusing the prayer of the local option petitioners, because the law makes no provision for appeal in this special statutory proceeding. Our decisions do not sustain the position. Appeals from all judgments of county courts to

McCullough v. Blackwell.

the circuit courts, under such regulations and restrictions as the legislature may prescribe, are guaranteed by the constitution. Art. 7, sec. 33. In practice, the terms of the act passed in aid of this provision of the constitution, has been applied habitually in special proceedings where the statute regulating them contains no provisions about appeals. Mans. Dig., sec. 1436; *Levy, ex parte*, 43 Ark., 43; *Phillips County v. Lee County*, 34 Ib., 340; *Dodson v. Fort Smith*, 33 Ib., 508; *Williams v. Citizens*, 40 Ib., 290; *Trammell v. Bradley*, 37 Ib., 374; *Boyd v. Bryant*, 35 Ib., 69.

Most nearly analogous to this case of any in which the question is discussed, is that of *Levy, ex parte, supra*, where a petitioner, whose prayer for the issuance of a license to sell liquor had been denied by the county court, was permitted to prosecute his appeal. In *Miller, ex parte*, 49 Ark., 18, the petitioner's right of appeal to this court from an order of the circuit court refusing to put the three mile law in operation, was silently recognized, as it had been previously in *Williams v. Citizens, supra*, from the county to the circuit court. The petitioners in such cases, like the liquor dealer in Levy's case, are parties to the record by virtue of the statute, and their right to test the validity of the proceeding by *certiorari* or appeal, is clear. But no provision is made by the statute for a remonstrance against the issue of a license where the county court is authorized to issue licenses, nor is provision made for a hearing of those who desire to oppose the prayer of a petitioner under the local option law. The right of remonstrance has nevertheless been ruled to exist in the former case (*Austin v. Atlantic City*, 48 N. J. Law, 118; *Dufford v. Nolan*, 46 Ib., 87; *Ferry v. Williams*, 41 Ib., 332), as it unquestionably does in the latter. *Williams v. Citizens*, 40 Ark., *sup*. As against the petition to prohibit

1. THREE-MILE LAW: PROCEEDINGS UNDER: Appeal.

McCullough v. Blackwell.

the sale of liquor, the licensed dealer, or any one who has taken the necessary steps to procure a license, who moves to be made a party for the purpose of showing that the petition does not contain a majority of the signatures, legally obtained, of the adult residents of the district, does not manifest the impertinent interference of a stranger without interest, and when made a party by order of the court, may sue out a writ of *certiorari* or prosecute an appeal from the judgment thereafter rendered, just as the petitioners may do. *Ferry v. Williams, sup.: Miller v. Jones,* 80 Ala., 89; *McCreary v. O'Flinn,* 63 Miss., 204. The right to prosecute an appeal on the part of the liquor dealer was recognized by this court in the case of *Boyd v. Bryant,* 35 Ark., *supra,* and in *Williams v. Citizens,* 40 Ib., *sup.,* and we affirm those rulings.

2. SAME: Withdrawal of petitioner.

2. The question arising on the appeal is this : Where a petition to put the three mile law in force has been acted upon by the county court, and an appeal from the order prosecuted to the circuit court, has the petitioner the unqualified right to withdraw from the petition in the circuit court?

The question is answered in the negative by the decision in *Williams v. Citizens, sup.* Speaking of the right of a petitioner to withdraw from the petition in the county court—the court of first instance—it is said that if the original signatures were obtained intelligently and without fraud, and have not been erased *before presentation*, or afterwards by leave of the court for cause, they fulfill the requirements of the statute. See *Grinnell v. Adams,* 34 Ohio St., 44; *Hays v. Jones,* 27 Ib., 218; *Dutton v. Village of Hanover,* 42 Ib., 215.

The presentation of the petition is in the nature of an election. When the county court has acted, the votes have been cast and the election returns made, and an appeal does not

invest thc petitioner with the power to change his vote or to withdraw it except for good cause, as *is indicated in *Williams v. Citizens*, *supra*. While the circuit court tries the issue on appeal, *de novo*, it can award or refuse a prohibitory order only upon the petition as signed when acted upon by the county court.

No cause for striking from the petition the names to which objection is made, was offered or shown. The remonstrance alleged that they were unduly obtained, but that the allega- tions of the remonstrance are not evidence was decided in *Williams v. Citizens*, *supra*. No proof was offered to sustain the allegation.

3. SAME: Remonstrance.

Let the judgment be affirmed.