THOMAS L. GREEN v. F. M. SMITH *et al.,* Appellants.

**Mulct Law:** REVOCATION BY SIGNER OF CONSENT PETITION. Under Code, section 2450, providing that statements of consent to the sale of intoxicating liquors in a county shall be canvassed by the board of supervisors after ten days' notice, and that its findings shall be effectual until revoked, a voter who has signed such statement can withdraw his consent after it is filed, and before it is acted on by the board.

APPEAL FROM ACTION OF BOARD OF SUPERVISORS: *Appearance of county attorney.* On an appeal by a citizen, under Code, section 2450, to a district court, from a finding by a board of supervisors that a statement of consent to the sale of intoxicating liquors in the county is sufficient, it is proper for the county attorney to appear against the statement in the district court, and Code, section 2450, requires him to so appear.

JURY TRIAL ON APPEAL. An appeal to a district court from a finding by a board of supervisors as to the sufficiency of a statement of consent to the sale of intoxicating liquors is not triable by a jury.

*Appeal from Fayette District Court.*—HON. L. E. FELLOWS, Judge.

SATURDAY, APRIL 14, 1900.

ON the first day of December, 1897, there was filed with the county auditor of Fayette county a statement of

consent to the sale of intoxicating liquors in said county. At the January, 1898, session of the board of supervisors, this statement was canvassed, and a finding made by the board that it contained the names of more than sixty-five per cent. of the legal voters of the county who voted at the last preceding general election. Thereafter the plaintiff filed a general denial as to the sufficiency of the statement and the correctness of the board's finding, and an appeal was taken to the district court. It was there stipulated that the total number of votes, as shown by the poll lists of 1897, is five thousand five hundred and four, and the net number of signatures on the statement of consent was three thousand six hundred and twenty-one, being forty-three in excess of sixty-five per cent. of the total vote. It was also stipulated that before final action on the statement by the board of supervisors, seventy persons filed applications asking to have their names stricken from the statement, and not counted thereon. There was a trial to the court, and a finding that the names of the seventy persons above mentioned should not have been counted for the statement, and the statement was held insufficient. The defendants appeal.— *Affirmed.*

*Ainsworth & Ainsworth, C. H. Quigley, Phillips & Whitney,* and *W. B. Ingersoll* for appellants.

*Hoyt & Hancock* for appellee.

SHERWIN, J.—In the trial in the district court the county attorney was permitted to appear for the plaintiff, against the objection of the defendants, and this is the first error assigned. Section 2450 of the Code provides that, if the board shall find the statement sufficient, any citizen of the county may file a general denial as to the statement, and directs that the county attorney shall then cause a notice thereof to be served upon the persons filing the statement, and appear for the state upon the hearing before the dis-

trict court. It also makes it the duty of the county attorney to appear in the district court and defend the action of the board in case an appeal is taken from its finding that the statement is insufficient. The statute itself requires the county attorney to appear against the statement in all proceedings before the district court upon appeal, and the court rightly permitted him to do so.

II. The defendants demanded a trial by jury, and this the court refused,—as we think, properly. This is a special proceeding. In its inception there were no parties to it, either plaintiff or defendant. There was no private right to be protected or enforced, nor any private wrong to be prevented or redressed. It was an *ex parte* statement of consent to the sale of intoxicating liquors by any one who might comply with the law relating thereto. An appeal from the finding of the board of supervisors did not change its nature, notwithstanding the fact that interested persons were required to file a bond for the costs of a trial *de novo* in the district court. The statute in question does not require a trial by jury, and in such cases we have held that it is not an absolute right, and the general holding of this court has been against such trial in special proceedings. *Gilruth v. Gilruth,* 40 Iowa, 346; *Davis v. City of Clinton,* 55 Iowa, 549; *In re Bresee,* 82 Iowa, 573; *Gates v. Brooks,* 59 Iowa, 510; *Duffield v. Walden,* 102 Iowa, 676; *In re Bradley,* 108 Iowa, 476.

It is contended that, after a statement of consent has been filed with the auditor of the county, it becomes effective, and rights vest thereunder, and that no one can thereafter withdraw his consent. This construction cannot be given the statute, nor can this claim be sustained. Section 2450 provides that all statements of consent filed under the law "shall be publicly canvassed by the board of supervisors after ten days' notice has been given of such intended canvass," and "its finding as to the results shall be entered of record, and such finding shall be effectual for the purpose

herein contemplated until revoked." It is clear that it was the legislative intent that no bar should arise under this law until the statement of consent was adjudged sufficient, and that no possible right can vest until this matter has been determined. The filing of the statement in the auditor's office was the preliminary step required by the law to secure a hearing before the board of supervisors. Its filing was necessary to give the board jurisdiction, but conferred no right, except that of having its sufficiency determined. Nor does the law say that the board shall determine the sufficiency of the statement as it was when filed. The board has only to deal with it as it comes to it. When filed, if not at once after signing, it was beyond the control of the signer, and the only way open for him to reconsider his action was to appeal to the board, as was done in this case. Shall it be said that a person who voluntarily signs a general statement of this nature cannot, before action is taken thereon, withdraw his consent, and by proper written notice and request to the board annul his former act, when the very purpose of the statement before the board is to show that a certain per cent. of the voters of the county at that time consent to the sale of intoxicating liquors therein? This seems to us against reason and in direct antagonism to that freedom of individual action which is so universally recognized and sustained when not in conflict with public or private rights. To say that one may not withdraw his consent to a certain line of action before rights are acquired thereunder is not sound in principle, nor do we believe it is sustained by the authorities. The district court was right in excluding from the statement of consent the seventy signatures in question. *Dunham v. Fox,* 100 Iowa, 131; *La Londe v. Board,* 80 Wis. 380 (49 N. W. Rep. 960); *Slingerland v. Norton,* 59 Minn. 351 (61 N. W. Rep. 322); *State v. Board of Com'rs of Crow Wing County,* 71 Minn. 50 (73 N. W. Rep. 631); *Black v. Campbell,* 112 Ind. 122 (13 N. E. Rep. 409). This hold-

ing is not in conflict with *Loomis v. Bailey*, 45 Iowa, 400; nor with *Jamison v. Board*, 47 Iowa, 390. Both of these cases involved the question of counting names which appeared on both the petition and remonstrance in proceedings to locate county seats, and under the law they could only be counted on the remonstrance. The deduction of these names leaves the statement of consent insufficient as to number, and the trial court so held.

Other questions are presented by the record, but, as their consideration will not change the result, we do not discuss them. The judgment of the district court is AFFIRMED.