W. A. WILLING *et al.,* Appellees, v. G. A. RYE *et al.,* Defendants, and W. R. HUNTER *et al.,* Appellants.

**Removal of County Seats:** REMONSTRANCE. In the relocation of county seats, those who sign a remonstrance cannot withdraw their names therefrom at the hearing before the board of supervisors.

**Same:** A remonstrance to the relocation of a county seat may be signed while the petition is still in circulation.

*Appeal from Worth District Court.*—HON. C. H. KELLEY, Judge.

FRIDAY, APRIL 8, 1904.

THIS is a *certiorari* proceeding, brought in the district court of Worth county, to review the proceedings of the defendant, acting as a board of supervisors, with reference to the relocation of the county seat in that county. The trial court annulled the proceedings of the board ordering the question of relocation to be submitted to the electors of the county at the general election for the year 1902, and taxed the costs to the defendants. Defendants appeal.—*Affirmed.*

*J. J. Clark* and *Cliggitt, Rule & Keeler* for appellants.

*Collin & Forbes, Blythe, Markley & Rule* and *M. H. Kepler* for appellees.

DEEMER, C. J.—The statutes with reference to the relocation of county seats provide, in substance, that "whenever citizens desire a relocation of the county seat they may petition the board of supervisors, at the regular June session, but not oftener than once in five years. The petition shall designate the place where the petitioners desire to have the county seat relocated, and shall be signed by none but legal voters of the county. It shall contain in addition to the names of the petitioners, the section, township, and range on which, or

town or ward if in a city, in which, the petitioners re-
side, their ages and time of residence in the county. It shall
be accompanied by affidavits of one or more residents of the
county, stating that the signers thereof were at the time of
signing legal voters of said county and the number of signers
to the petition at the time of making the affidavit, and shall
be filed with the auditor at least sixty days before the June
session of the board." "Remonstrances signed by voters with
like qualifications and in all respects as required of petition-
ers, and verified in the same manner, may be filed with the
auditor ten days prior to the date fixed by the notice herein-
after provided for. If the same persons petition and remon-
strate, they shall be counted only on the remonstrance; and if
a greater. number of legal voters remonstrate against the re-
location than petition for it, no relocation shall be ordered."
"Upon the hearing of such petition and remonstrance, if no
objections are filed to either, the board shall proceed to deter-
mine whether the petition has been signed by one-half of all
the legal voters in the county, as shown by the last census,
either state or federal, after deducting all names therefrom
appearing on the remonstrance, which also appear upon the
petition, and also to · determine whether more legal voters
have signed the petition than have signed the remonstrance.
If the requisite notice has been given, and the board shall
find that one-half of all the legal voters, after making such
deduction, have signed said petition, and that said one-half
exceeds the number that have signed the remonstrance, the
board shall order that at the next general election a vote shall
be taken between said place and the existing county seat, and
shall require a constable from each township in the county to
post notices of such order in three public places in such town-
ship, at least fifty days before said election, and shall also
publish a notice of such election in some newspaper, if there
be one published ·in the county, for four consecutive weeks,
the last publication to be at least twenty days before said
election; but if objections are· made, either as to petition or
remonstrance, the board shall inquire into and hear addi-

tional evidence with reference to the fact as to whether the names appearing on either petition or remonstrance, were the names of legal voters at the time they were placed on the petition or remonstrance, and whether the signatures are genuine." Code, sections 396, 397.

The facts are not seriously in dispute. The total number of legal voters in Worth county at the time material to our inquiry was 2,568. A petition purporting to contain 1,623 names was presented to the board of supervisors of Worth county at a meeting held by that body in June of the year 1902. At the same time a remonstrance bearing 1,532 names was also presented. Of the names on the remonstrance, 850 were signed after the circulation of the petition began, but before it was filed; and of those who signed the petition, 370 signed the remonstrance. At the hearing before the board, 175 voters who had signed both the petition and the remonstrance presented affidavits asking that their names be withdrawn from the remonstrance, and 34 who had signed the remonstrance alone, also made the same request. Of 141 who presented affidavits, 85 had signed the remonstrance before the petition was filed. Three names of aliens were stricken from the petition by the board, and 160 more were stricken therefrom by reason of their having signed the remonstrance. The board also struck from the remonstrance the 850 names which were signed thereto before the petition was filed, and found that the petition was signed by more than a majority of the legal voters in the county. The trial court annulled this action, and held that the 850 names should have been counted on the remonstrance; that there was no authority for the withdrawal of names from the remonstrance, and that there were but 1,250 names on the petition which should be counted, while on the remonstrance there were 1,526; and that, as the petition contained less than one-half of the legal voters in the county, the action of the board in ordering the matter submitted to the electors was illegal and void.

The appeal is from this ruling, and the questions for our consideration are tersely stated by appellants' counsel in

their brief as follows: "First, the right of parties signing
the remonstrance to withdraw their names
therefrom before the board has acted on the
petition and remonstrance, or these documents
presented for such purpose; second, the validity of a remonstrance signed before the petition for relocation was filed."

1. RELOCATION of county seat: remonstrance.

The first question has already been answered adversely
to appellants in *Loomis v. Bailey,* 45 Iowa, 400; *Jamison v.
The Board,* 47 Iowa, 388; *Herrick v. Carpenter,* 54 Iowa,
340; *Luce v. Fensler,* 85 Iowa, 596. Claim is made that
these cases are unsound in principle, and contrary to the
weight of authority, and that we have already departed from
the rules therein announced in *Greene v. Smith,* 111 Iowa,
183. There has been no departure. *Greene v. Smith* clearly
distinguishes the cases already cited, and expressly leaves
them authoritative. The matter is wholly statutory, and,
as the Legislature has seen fit to accept our interpretation of
its language as being correct, ever since *Loomis v. Bailey* was
decided, we are not now disposed to change the rule announced in that case and in the subsequent ones already cited.
They so fully cover the exact question here presented, that
it is useless to again go over the ground.

II. As to the second point made by appellants' counsel,
there have been no previous adjudications by this court. The
sole question is, must the people who do not care to have the
county seat relocated wait until the petition for
its relocation is presented to the board of supervisors, and
filed by it, before they are justified in signing a remonstrance? There is no statute which so requires, and we know
of no rule of law or principle of public policy which demands any such holding. When those interested in securing
a removal or relocation prepare their petitions and begin to
circulate them, it seems to us that the time is ripe for those
who do not wish a removal to make active efforts to prevent
it. Every elector in the county has the right to express himself on this question, and, as the statute fixes no time in
which the papers shall be signed, we can see no reason why

2. SAME.

the petition and the remonstrance may not be circulated at the same time. Surely this will come nearer reaching the true sentiments of the people, than to hold that no one may sign a remonstrance until a petition is filed. Indeed, there are many reasons for not holding with appellants on this proposition. No petition would likely be presented to the board until it had a sufficient number of names. To do so would be an idle ceremony. It is not enough to say that those opposed might refuse to sign the petition, and thus accomplish the results aimed at. If this were the true and only method of procedure, it is manifest that no remonstrances could be filed. Such a protest is recognized by statute, and we think that, when those favorable to a change put the matter in motion by circulating a petition, they immediately invite remonstrances, and that it is no objection to such remonstrance that the names appearing thereon, or a large number thereof, were secured before the petition was actually filed with the board. Something is said about the advantage of such a holding to the remonstrants. While there is some force in this position, a contrary holding would result in a very decided advantage to the petitioners. The safe rule, we think, is to hold that, whenever the matter is once put in motion by the circulation of petitions, the issue is before the people, and that they may sign either the petition or the remonstrance, as they may be advised. The petition and remonstrance is for and against the relocation of the county seat. That is the ultimate question, and this is to be determined from the names appearing on the papers, as authorized by statute. If one has signed the remonstrance before the petition is presented to him, and he wishes to change his mind, he may easily have the matter corrected by having his name taken from the remonstrance before it is filed.

The judgment of the district court seems to be correct, and it is AFFIRMED.