390 SUPREME COURT OF WISCONSIN. [May

State ex rel. Tate v. Wolf, 163 Wis. 390.

STATE EX REL. TATE, Appellant, vs. WOLF, City Clerk, Respondent.

*May 4—May 23, 1916.*

*Intoxicating liquors: Licenses: Premises near school: Remonstrance:*
*Right of remonstrant to withdraw name: Fraud.*

1. A person who signs a remonstrance under sub. 5, sec. 1548, Stats.,
   has no right to withdraw his name therefrom after the remonstrance shall have taken effect by being filed as the statute provides. *La Londe v. Barron Co.* 80 Wis. 380, distinguished.
2. It may be, however, that signatures to such a remonstrance which
   were procured by fraud should not be counted.

APPEAL from a judgment of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Reversed.*

Application was made to the common council of the city of Kaukauna, by one Otto Luedke, for a license to conduct a saloon for the sale of intoxicating liquors for the license year, commencing in June, 1915. A remonstrance against granting the application was duly filed January 21, 1915, under sub. 5, sec. 1548, Stats., and was sufficiently signed. Such section provides as follows:

"Whenever after January 1, 1908, a list of all the parents and lawful guardians of the children enrolled as pupils of any public school . . . with a remonstrance in writing, signed and acknowledged before a notary public by a majority of such" persons, "is filed with the city . . . clerk, . . . describing certain premises for which a license had previously been issued within three hundred feet of the grounds of said . . . school, . . . and demanding that no license be granted for the sale of intoxicating liquors on such premises, no such license shall thereafter be granted to any person for the sale of such liquors on such premises."

On such day, after such filing, eight signers of the paper filed with the city clerk a request to have their names erased therefrom, because they signed the same without knowing the facts. Later, on the same day, the council duly met, referred the application, remonstrance, and request, to a committee

and adjourned to June 25th thereafter. On that day the eight signers duly filed a second request of the tenor of the first, claiming that they signed the remonstrance in ignorance of its contents and purpose and were induced thereto by false representations and insistence of the circulators. The latter filed affidavits to the effect that they fully informed such signers of the purpose and contents of the remonstrance before they signed the same. The council then took up the matter for consideration. An offer to show that the requests for withdrawals were unfairly obtained was rejected and, in due course, without formally allowing the names to be withdrawn from the remonstrance, they were treated as withdrawn, leaving an insufficient number to satisfy the statute, and a resolution was adopted allowing the application for a license.

After the occurrences aforesaid a *certiorari* action was duly commenced to test the validity of the council's determination. Issue was duly joined, by a motion to quash, as to the sufficiency of the facts set forth to show want of jurisdiction of the council to grant the application for a saloon license. The vital point was whether a person who signed the remonstrance had a right, after the same was duly filed with the clerk, to withdraw therefrom, either with or without permission of the council, before such council acted thereon. The decision was in the affirmative and judgment was rendered accordingly, dismissing the action. The relator appealed.

For the appellant there were briefs by *Somers & Velte,* and oral argument by *Charles H. Velte.*

For the respondent there was a brief by *Geo. H. Kelly,* and on behalf of Otto Luedke a brief was also filed by *Rooney & Grogan;* and the cause was argued orally by *Francis J. Rooney.*

MARSHALL, J. The question raised on this appeal is whether a person who signs a remonstrance under sub. 5, sec. 1548, Stats., has a right to withdraw his name after the re-

monstrance shall have taken effect by being filed as the statute provides.

The common council, in the particular instance, acted upon the assumption that a remonstrant has the absolute right of withdrawal at any time before action upon an application for a license to keep a saloon for the sale of intoxicating liquors within the territory involved. It evidently did not act upon the theory that the persons who asked to have their names erased from the remonstrance had been induced thereto by fraud. It could not well have so acted upon the mere general claim of such persons,—no showing having been made of what was said or done to deceive them,—in face of the positive statements, under oath, by those who circulated the remonstrance, that they carefully explained it to each signer; but the form of the resolution which was adopted leaves no room for fair doubt but what the supposition was that the absolute right of withdrawal existed. Such resolution contained this language in respect to the effect of the remonstrance:

"Believing that the question is one that should be ruled upon by a court of higher authority so that all parties may be fully and legally satisfied, and in order to make it possible to secure such court decision, be it resolved that the remonstrance presented does not contain a sufficient number of names after withdrawing those who have requested the removal of their names, and in order to make it possible to have the matter tested in court we decide that the license may be granted and that it is hereby granted."

The trial court, evidently, affirmed the action of the council, solely upon the ground that a remonstrant had an absolute right to change his mind and withdraw his opposition to the granting of a license. We gather that from the opinion wherein particular stress is put upon *La Londe v. Barron Co.* 80 Wis. 380, 385, 49 N. W. 960, which dealt with the subject of whether, under the statute on the subject, petitioners to have submitted to the qualified voters of a county the ques-

tion of changing the location of the county seat may with-
draw their names from the petition before final action by the
board of supervisors thereon. A petition signed by two
fifths of the legal voters of the county, to be determined in a
particular way, is requisite to give the county board jurisdic-
tion to submit such a matter to the voters of the county. That
is quite distinguishable from the case in hand. Here the fil-
ing of a remonstrance, satisfying the requirements of the stat-
ute, takes from the governing board all jurisdiction to grant a
license for the sale of intoxicating liquors in the territory in-
volved. Such board is not required to act upon the matter, as
under the statute regulating the manner of changing a county
seat. It is not required to do, but is prohibited from doing,
anything if the requisite names appear upon the remonstrance.
Whether such is the fact, the board must necessarily deter-
mine.

Where a county board obtains jurisdiction, as under the stat-
ute dealt with in the *La Londe Case,* the right of withdrawal
from the request for action has been, elsewhere, quite often
held to exist up to the time of action being taken. *Littell v.
Vermilion Co.* 198 Ill. 205, 65 N. E. 78; *State ex rel. Andrews
v. Boyden,* 21 S. Dak. 6, 108 N. W. 897; *Green v. Smith,* 111
Iowa, 183, 82 N. W. 448; *Black v. Campbell,* 112 Ind. 122, 13
N. E. 409. Many similar cases might be cited. Where stat-
utes do not require the governing board to take action upon the
petition or remonstrance, it has been held that the right of
withdrawal after filing of such petition or remonstrance does
not exist. *State ex rel. Ketterling v. Gregory,* 26 S. Dak. 13,
127 N. W. 733; *State v. Gerhardt,* 145 Ind. 439, 44 N. E.
469; *McCullough v. Blackwell,* 51 Ark. 159, 164, 10 S. W.
259.

It is useless to try to harmonize the numerous decisions
cited to our attention. If there be any line dividing the
same into two classes, it is the one indicated. However, in
the last analysis, we must turn to the statute itself and deter-

State ex rel. Tate v. Wolf, 163 Wis. 390.

mine therefrom what the legislative purpose was and give effect thereto.    Such statute, in some respects, is unlike any dealt with in the decisions referred to, or elsewhere, so far as we can discover.    Neither foreign statutes nor decisions are very helpful,-if at all, in this case.    .Therefore we will not spend time by referring to them further.

Our statute was evidently designed to afford an easy method of enabling patrons of a school to vote on the question of prohibiting the sale of intoxicating liquor within 300 feet of the school grounds.    That being the case, the signing of the remonstrance, upon filing thereof with the clerk, must be regarded the same as casting a vote at an election in the ordinary way.    That is the logic of *McCullough v. Blackwell, supra.*    If the election was conducted in such ordinary way, no one would claim that a voter, after having deposited his ballot in the ballot box, could withdraw it.    The wording of the statute is very significant.    Its meaning seems to be unmistakable.    "Whenever" the required remonstrance "is filed with" the proper clerk "demanding that no license be granted for the sale of intoxicating liquors" on the particular premises mentioned "no such license shall thereafter be granted to any person for the sale of such liquors on such premises."    We do not see how that plain legislative mandate can be varied by construction or by what courts in other states have said in dealing with other statutes.    The unmistakable purpose of the legislature was to put it in the power of the patrons of a school to make the immediate vicinity of the school grounds, to the extent indicated in the statute, prohibition territory.    It is significant that the statute did not leave any opportunity to change the condition in that regard, after its being once created, except by some subsequent legislative action.    The effect of filing the remonstrance, in connection with the statute, is the same as a legislative command that no license shall be granted for the sale of intoxicating liquors within the territory involved.

Any other holding than as above indicated would be liable to result in an unseemly contest upon any occasion of the filing of a remonstrance under the statute. There would be a canvass to secure withdrawals after the filing of the remonstrance and for withdrawal of withdrawals, with consequent hearings before the council in respect to the matter. Certainly the legislature did not intend to create any such situation, when it used the plain language to the effect that "whenever" the prescribed remonstrance and demand is filed, the territory involved shall henceforth be prohibition territory as regards the sale of intoxicating liquors. The purpose was to enable the requisite number of remonstrants, by expressing their wishes in the manner indicated, to make the question involved an absolutely closed matter.

It may be that, in case of names being secured to a remonstrance filed under the statute by such fraudulent means that they ought not to be regarded as being there, they should not be counted; but the record here does not present any such situation. It does not appear, by anything claimed to have been said by the circulators of the remonstrance, that the signers were prevented from reading the paper. If they knew its contents, or the purport of it, or were negligent in not knowing such, they are chargeable with such knowledge and with its purpose. Certainly as before indicated, mere general statements by signers, as in this case, should not be held to convict the circulators of having committed a most reprehensible fraud upon their neighbors, in the face of sworn testimony that such circulators explained to each signer of the remonstrance its purport and purpose.

We must hold that the court below committed error in affirming the action of the common council.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to the court below to reverse the action of the common council.