SIGAFOOS v. TALBOT *et al.*

Highway: BOARD OF SUPERVISORS: APPEAL. Where damages are claimed by a person through whose land a road is established by the board of supervisors, such person may appeal to the District Court, and have the question as to the amount of damages he is entitled to there tried by a jury.   And it is not necessary to the exercise of this right, that he should have made a motion before the board to set aside the report of the appraisers, or formally claimed an appeal.

*Appeal from Poweshiek District Court.*

FRIDAY, JUNE 26.

COUNTY ROAD: APPEAL, ETC.—A county road was petitioned for through the plaintiff's land; and in due form and time he filed his petition for damages, claiming $500. Thereupon the board of supervisors appointed appraisers, who assessed his damages at thirty dollars, and made due report to the board.   Subsequently to the filing of this report, the board of supervisors made an order "*establishing the road*," and also an order " that before the road should

Sigafoos v. Talbot.

be *opened*, that the petitioners for the road be required to pay *the assessed damages* on the said road, within one month from the rising of the present session of the board."

From this action of the board of supervisor the plaintiff appealed to District Court. In that court the defendants moved to dismiss the appeal, — first, because no appeal was claimed before the board; second, because there was no order or action on the part of the board on the question of damages from which the plaintiff could appeal.

This motion prevailed; plaintiff excepted, and now appeals to this court.

*H M. Martin* and *D. N. Emory* for the appellant.

*Seevers & Cutts* for the appellee.

DILLON, Ch. J.—Where damages have been claimed in time, and the board establishes the road, it is settled

HIGHWAY: board of supervisors: appeal.

that the land owner may appeal to the District Court, and on that appeal have the question as to the amount of damages to which he is entitled tried by a jury. *Umbarger* v. *Bean*, 15 Iowa, 256; *Prosser* v. *Wapello Co.*, 18 id. 327; *City of Des Moines* v. *Layman*, 21 id. 153.

In such a case, the Constitution, in my opinion, gives the land owner a right to have his damages assessed by a jury; the appraisers are not such a jury as the Constitution contemplates; in truth, they are no jury at all. Bill of Rights, §§ 9, 18; *City of Des Moines* v. *Layman, supra.*

The board of supervisors are not constituted a jury. In the present case the amount of damages to which the plaintiff is entitled has never been determined by a jury.

It is claimed by the appellees that there is no order or decision of the board from which an appeal lies. Rev. § 267.

Certain it is that there was an order establishing the road. Certain it is that there was an order directing the road to be opened when the plaintiff should be paid the damages which had been assessed to him.

Under these orders, no course was left the plaintiff but to accept the thirty dollars which had been awarded to him by the appraisers or to appeal.

The proceedings before the board are not required to be formal; and their minutes or brief record are, as to form, to be liberally regarded.

It is not necessary that the plaintiff should have gone before the board and made a motion to set aside the report of the appraisers in order to give him the right to appeal.

The board have no power to render any judgment for the amount awarded by the appraisers.

The orders made by the board affected the rights of the plaintiff; and on the appeal which he prosecuted, he was entitled to have his damages assessed by a jury. Rev. § 267.

It was not necessary that the plaintiff should have gone before the board and formally " *claimed* " an appeal. It is sufficient if he gives the bond required by the statute. Rev. § 267.

Reversed.