THE COUNTY OF BLACK HAWK v. SPRINGER.

58  417
80  321
58  417
82  578

1. **Insanity**: INQUEST OF: CONSTITUTIONAL LAW. The provision of the Constitution, Art. 1, Sec. 10, that in all cases involving life or liberty, the accused shall have a speedy trial before an impartial jury, applies only to accusations for offenses against the criminal law, and does not apply to an inquest of lunacy by a board of commissioners, as provided by statute. The restraint of an insane person by virtue of an adjudication of lunacy is not unconstitutional.

*Appeal from Black Hawk Circuit Court.*

TUESDAY, JUNE 6.

THIS is an action to recover of the defendant, as executor of the estate of Wm. Wood, deceased, a sum of money incurred by the plaintiff in the support and maintenance of said Wood as an insane person at the hospital for the insane at Independence. Judgment was rendered for the plaintiff, and defendant appeals.

*J. J. Tollerton* and *Nicholls & Burnham*, for appellant.

*J. L. Husted*, for appellee.

ROTHROCK, J.—The facts of the case are not in dispute. It appears that on the 6th day of December, 1877, the commissioners of insanity of Black Hawk county, adjudged the decedent to be insane and a fit subject for custody and treatment in the hospital for the insane; that in pursuance of such finding and adjudication he was admitted to said hospital, and there remained under treatment until his death in July, 1879.

No question is made as to the amount of the claim made, but it is urged that chapter 2, title 11, of the Code, under which the deceased was adjudged insane, is invalid, because it is in violation of sections 9 and 10, of article 1 of the constitution of this State.

1. INSANITY: inquest of: constitutional law.

VOL. LVIII—27

In other words it is claimed that an adjudication of lunacy by the board of commissioners provided by statute, is unconstitutional, because the person adjudged to be insane is thereby deprived of his liberty without due process of law. Section 10, article 1, of the Constitution, is as follows: "In all criminal prosecutions, and in cases involving the life or liberty of an individual, the accused shall have a right to a speedy and public trial by an impartial jury; to be informed of the accusation against him; to have a copy of the same when demanded; to be confronted with the witnesses against him; to have compulsory process for his witnesses; and to have the assistance of counsel."

It is contended that before a person can be adjudged insane, he is entitled to the safeguards provided for in this section. It is clear to us that this provision applies only to criminal prosecutions or accusations, for offenses against the criminal law, where it is sought to punish the offender by fine or imprisonment. The inquest of lunacy by a board of commissioners, is in no sense a criminal proceeding. The restraint of an insane person is not designed as punishment for any act done. The insane are, by the law, taken into the care and custody of the State, for treatment for their unfortunate infirmity. In our opinion, whatever may be thought of the power of the legislative department of the State to provide a special tribunal for the examination of persons alleged to be insane, the safeguards and limitations provided by our laws for the correction of any abuse which may arise from the acts of the commissioners, are ample for the protection of the citizen. By the act of the General Assembly, approved March 26, 1880, any person found to be insane, by the commissioner of insanity, may appeal to the Circuit Court, and upon such appeal the cause shall be tried anew, and if the person is found not to be insane, he shall be discharged. See Miller's Code, p. 379. And by section 1442 of the Code it is provided that a new commission may be appointed by a district or circuit judge, to inquire into the

mental condition of any person confined in the hospital, and upon this report, and any further evidence which may be offered, if the judge shall find the person not insane, he shall order his discharge. And under section 1444, "all persons confined as insane, shall be entitled to the benefit of the writ of *habeas corpus*, and the question of insanity shall be decided at the hearing, and if the judge shall decide that the person is insane, such decision shall be no bar to the issuing of the writ a second time, whenever it shall be alleged that such person has been restored to reason." We think the judgment of the Circuit Court is correct and should be

AFFIRMED.