## In the Matter of the Insanity of EMMA BRESEE.

1. **Insanity**: HABEAS CORPUS : JURISDICTION. The district court has authority in proceedings upon a writ of *habeas corpus* issued upon the petition of one adjudged by the county commissioners to be insane, and ordered to the asylum, to determine the question, whether the petitioner is a fit subject for treatment in the asylum for the insane.

2. ———— : ———— : REVIEW ON APPEAL: RECORD. To entitle a party to a review of the finding of the court in such proceedings upon appeal on the question of insanity the evidence produced upon the hearing must be presented in the record in the supreme court.

3. ———— : ———— : TRIAL BY JURY : FORMER ADJUDICATION. Pending an appeal from the decision of the county commissioners adjudging her insane and committing her to the asylum, the petitioner obtained a writ of *habeas corpus* from a judge of the district court in vacation, and on a hearing before him the decision of the commissioners was sustained. At the succeeding term of the district court, the court, on the motion of counsel for the state, refused the petitioner a trial to a jury, affirmed the order of the commissioners, and dismissed the appeal. *Held*, that the petitioner was not entitled to a trial by jury upon the issue of her insanity ; that the decision of the judge in the *habeas corpus* proceeding was an adjudication of that question, and that the appeal was, therefore, properly dismissed in harmony with that decision.

4. ———— :. PRACTICE : DISPOSAL. OF CASE ON MOTION. The proceedings and orders in the *habeas corpus* proceeding being of record in the district court, *held*, that the court could properly. dispose of the appeal on motion.

5. ———— : ———— : ———— : COMMITMENT TO ASYLUM. Upon the dismissal of the appeal the court made an order committing the petitioner to the asylum. *Held*, that the court should have left the petitioner under the order of the judge who heard the *habeas corpus* proceeding, to be dealt with under the order of the commissioners, and that the supreme court would remedy the objection to the order of the district court by such a modification thereof as to simply dismiss the appeal.

6. ———: COMMISSION FOR EXAMINATION OF INSANE PERSONS: POWER
OF SUPREME COURT TO APPOINT.    The supreme court will not on an
appeal from the district court appoint a commission, as provided
by section 1442 of the Code, for the examination of one alleged to
be unlawfully detained in an asylum as insane, where the pro-
ceedings wherein the appellant was adjudged insane appear, so
far as the record discloses, to have been legal and regular, and the
findings are fully supported by the evidence.    Whether the court
would have authority to appoint such a commission in any
event, *quære.*

*Appeal from Harrison District Court.*—HON. G. W.
WAKEFIELD, Judge.

FRIDAY, MAY 22, 1891.

IN July, 1890, the commissioners of insanity of
Harrison county adjudged Emma Bresee insane, and
ordered her committed to the asylum at Mt. Pleasant.
From the action of the commissioners she appealed to
the district court, and thereupon the commissioners
directed the supervisors of the county to take charge of
and care for her pending the appeal, and she was by
the board of supervisors placed in the custody of W. A.
Granger, as its agent.    On the second day of August
she obtained a writ of *habeas corpus* from HON.
GEORGE CARSON, district judge, directed to the board
of supervisors and W. A. Granger, and on the return
of said writ, J. S. Dewell, as county attorney for Har-
rison county, appeared and answered, "setting up the
finding of the said board of commissioners, and the
appeal of said cause to the district court, and the right
of said board to restrain her pending such appeal."

Upon the hearing the judge made the following
finding and order:

"The parties having introduced their evidence,
respectively, and the cause being fully submitted and
considered, it is made to appear from the evidence that
said Emma Bresee is a person of unsound mind, and is
a proper person to receive care and treatment at the
hospital.    It is, therefore, ordered and adjudged that
the plaintiff, Emma Bresee, be, and she is hereby,

remanded to the care and custody of the proper officers
of said county, as provided by law; whereupon plaintiff
excepts."

With Hon. G. W. WAKEFIELD presiding, at the
succeeding term of the court, the county attorney moved
for an order to "affirm the order of commissioners, and
dismiss the appeal," assigning as grounds therefor the
procuring of the *habeas corpus* and the investigation in
pursuance thereof, after the appeal was taken. At the
hearing of the motion the court made the following
finding:

"That the record shows that after the appellant
herein filed and gave notice of appeal from the findings
of said commissioners she did, on the second day of
August, 1890, sue out a writ of *habeas corpus* before
Hon. GEORGE CARSON, a judge of the fifteenth judicial
district of the state of Iowa, and that a writ of *habeas
corpus* was duly granted by said judge, and made
returnable before him at Missouri Valley, in Harrison
county, on August 5, 1890. Said cause was then fully
heard by said judge, and issue then and there joined by
this appellant, as plaintiff, and one W. A. Granger, as
an employe and agent of the board of supervisors of said
Harrison county, who then had actual custody of the
person of Emma Bresee, the appellant herein, by war-
rant from the said commissioners, duly issued after said
appeal had been taken by said Emma Bresee, as the law
provided. That on said hearing the question of the
insanity of said appellant, and whether or not she was
a fit subject for custody and treatment in the hospital
for the insane, was fully inquired into and decided; and
that said judge did find and determine that said Emma
Bresee is a proper person for custody and treatment in
the hospital for the insane. And the said judge, at the
same time, ordered that she be remanded to the proper
authorities for treatment, as provided by law. That all
of said proceedings and orders are now on record in this
court, as provided by law, as shown in the papers in
this matter on file herein, and the records of this court.
This court, therefore, finds that all questions on this

appeal have been fully heard and determined in a manner provided by law, and that there remains nothing hereafter to be determined in relation thereto."

The court also ordered that Emma Bresee be confined in the hospital, in conformity with orders previously made. Two appeals are prosecuted by Emma Bresee,—one from the judgment of Judge Carson i the *habeas corpus* proceeding ; and one from the judgment of Judge Wakefield on the motion to affirm and dismiss the appeal.—*Affirmed.*

*L. Brown* and *Geo. F. Boulton*, for Emma Bresee.

*J. S. Dewell* and *John A. Berry*, County Attorney, for appellee.

Granger, J.—I. The assignments of error relating to the appeal from the judgment of Judge Carson in

**1. Insanity: habeas corpus: jurisdiction.**

the *habeas corpus* proceedings are as follows : "*First.* The judge erred in assuming jurisdiction to determine the appellant a fit subject for treatment in the asylum. *Second.* The judge erred in adjudging her a fit subject for treatment in the insane asylum." The former assignment relates to the authority of the judge to act ; the latter, conceding the authority, to the validity of the acts. The only claim, as we understand, for the first assignment is that the judge had no authority to determine that Mrs. Bresee was a fit subject for treatment in the insane asylum. The question of her fitness for the asylum depended entirely on the fact as to her sanity. The statute giving to a person "confined as insane" the benefits of the writ of *habeas corpus* provides that at the hearing "the question of insanity shall be decided." Code, sec. 1444. The alleged restraint by the commissioners was the result of a determination by them that she was such a subject. The record in no way indicates to us that any other question was involved in the hearing before Judge Carson, and the inquiry and determination was entirely legal.

II.   The abstract contains no part of the evidence, and we are without any means whatever to determine the

**2. ——: ——:**
**review on**
**appeal:**
**record.**

correctness of the second assignment.   It is said that the appellant had not the means or opportunity to preserve the evidence, there being no clerk or reporter; but, notwithstanding, how can we say the court erred without the facts, or the means of knowing them?   We are not to presume error because of a difficulty in presenting the record on which it is assigned.   It is a law proceeding, and we adjudge error only on an affirmative showing.

III.   The appeal from the action of the court, on the motion to dismiss the appeal and affirm the order of

**3. ——: ——:**
**trial by jury:**
**former adju-**
**dication.**

the commissioners, presents the question whether the adjudication in the *habeas corpus* proceeding operates to deprive the appellant of the right to another trial in the district court on her appeal.   It is especially urged, in support of another trial, that the appellant was entitled to a trial by jury in the district court.   The determination of this question is important.   It is purely a special proceeding, and hence, technically, not a "civil action," which is defined to be a proceeding in which one party, known as the "plaintiff," demands against another party, known as the "defendant," the protection of a private right or the redress of a private wrong.   Code, sec. 2505.   Being another remedy in a civil case it is a special proceeding.   Code, sec. 2507.   Special proceedings are not classed as "ordinary" or "equitable" by the Code, and we may now consider its provisions as to what causes are triable by jury.   Section 2740 is as follows:   "Issues of fact, in an action by ordinary proceeding, must be tried to a jury, unless the same is waived.   All other issues shall be tried by the court, unless a reference thereof is made."   The issues in this proceeding are "other" than those "in an action by ordinary proceedings," and, hence, under the letter of the statute, are to be tried by the court.   It may be well here to observe that proceedings denominated as "special" have been in this court, where the issues

below have been tried to a jury; but an examination will show, we think, that in each of such cases the proceeding, if special at its inception, had so changed in its progress as to present parties plaintiff and defendant with private rights to be determined, and, hence, became an action by ordinary proceedings.

It is urged that the appellant was entitled to a jury trial in the district court, under the constitutional guaranties that the right of trial by jury shall remain inviolate; and in all criminal prosecutions, and in cases involving the life or liberty of an individual, the accused shall have a right to speedy and public trial by an impartial jury. These provisions are found in sections 9 and 10 of article 1 of the constitution of the state. In *Black Hawk Co. v. Springer*, 58 Iowa, 417, this court considered the rights of a person charged with insanity to a trial by jury under these provisions of the constitution, and held that they applied "only to criminal prosecutions or accusations for offenses against the criminal law, where it is sought to punish the offender by fine or imprisonment." It is also there determined that the "inquest of lunacy" is not a criminal proceeding. *Chavannes v. Priestley*, 80 Iowa, 16. It thus appears that the constitution does not impair the statutory authority as to how the issues in such a proceeding are to be tried.

With the question of the right of trial by jury disposed of, we are better prepared to consider the action of the court in dismissing the appeal, as that was the effect of the holding. Looking back to the statement of the case, it will be seen that in the *habeas corpus* proceeding Emma Bresee was determined to be of unsound mind, and a proper person for treatment at the hospital for the insane, upon evidence introduced by the parties. In fact, her sanity seems to have been the only question tried and determined. The case, on its merits, involves no other controversy. If her condition is as it was adjudged to be in the *habeas corpus* proceedings, she is rightly committed to the asylum. The question for us is, having had one trial on the merits of her case, before

the judge at chambers, is she entitled to another such trial by him in court? The merit of the rule to be announced may be better seen by supposing the writ to have issued by the court, and not by the judge in vacation, and the hearing to have been by the judge sitting as a court. Would the appellant, having on one day submitted her case on its merits to the court in the *habeas corpus* proceeding, be permitted to repeat it the next day, on her appeal, because only of the difference in the kinds of proceedings? We think not. Without committing ourselves to any undue limitations upon the right of a party to test the legality of his restraint by a resort to the writ of *habeas corpus*, without impairing the right to other and further judicial inquiry, we think, in view of the abundant and liberal provisions of our law for the protection of persons charged with insanity, and its requirement that in *habeas corpus* proceedings the actual fact as to insanity shall be determined, with the right of appeal from the judgment, that the appellant was not entitled to another trial of the same issue. The contention by the appellant, we think, has been largely induced by the belief that, in a trial on the appeal, she should be entitled to a jury; which fact, if true, would present quite a different case for consideration.

IV. It is urged that a motion to dismiss was not the proper method of disposing of the appellant's case on appeal. It appears from the findings, in disposing of the motion, that all the proceedings and orders in the *habeas corpus* proceedings were on file in court, and are so shown by the papers in this proceeding. With this condition of the record, the court could take judicial notice of the facts, and pleadings and proofs were unnecessary to establish them. With the facts thus in the record, the court could act upon a motion in disposing of the appeal.

*4. ——: practice: disposal of case on motion.*

V. After the ruling on the motion to dismiss the appeal, the court made an order committing the

**5. ——: ——: ——:**
**commitment to**
**asylum.**

appellant to the insane hospital at Mt. Pleasant. It is said that the court was without jurisdiction to make the order ; that the commissioners alone have such authority, except after trial on appeal in the district court. The appeal was dismissed because of the conclusiveness of the findings and orders in the *habeas corpus* proceeding. The order in that proceeding was that "Emma Bresee be, and she is hereby, remanded to the care and custody of the proper officer of said county, as provided by law." The legal effect of dismissing the appeal, without other orders, would have been to leave her under the order of Judge CARSON, to be dealt with under the order of the commissioners, and such a course would have been entirely proper. The order of the district court is not different in effect, but the objection is that it was made without authority, and that she should not be committed by virtue of it. Any force the objection has will be avoided by such a modification in this court of the order of the district court as to merely dismiss the appeal. This we may do where the facts are settled, and the effect is to enter such an order as the district court should have made. *Gilmore v. Ferguson*, 28 Iowa, 422 ; *Shaw v. Nachtwey*, 43 Iowa, 653 ; Code, sec. 3194.

VI. We are asked, in case our conclusion should be against the appellant on questions presented, to

**6. ——: commission for examination of insane-persons: power of supreme court to appoint.**

appoint a commission under the provisions of Code, section 1442, to inquire into the fact of the appellant's sanity ; and rule 7 of this court is cited as authority for us to so act. The section authorizes the judge of the district court, under certain conditions, to make such an appointment, but confers no such authority on this court. Rule 7 provides that "the supreme court has a general supervision over the district and superior courts, and all other inferior judicial tribunals, to prevent and correct abuses," etc. Without even intending a ground for inference that we could, with the facts otherwise, make such an appointment, we may say that the record fails to make any showing of abuse for us

to correct or prevent. The argument proceeds largely upon a claim of abuses and illegalities, but the record is a plain showing of two separate inquiries, under the forms of law, as to the sanity of the appellant,—one by the commissioners sitting as a board, and the other by a judge of the district court; the findings of each being, upon evidence submitted, that the appellant is insane, and a proper subject for hospital treatment. Nothing in the record affords even a suspicion that the proceedings were not legal and regular, and the findings are fully supported by the evidence. If the facts are otherwise, the mistake is in presenting a record from which the facts are not to be known. We may properly and profitably look to arguments to aid our conclusions from the record, but we cannot look to them for facts which it is the province of the record to disclose.

The order entered in this court, October 20, 1890, at the instance of the appellant, is revoked, and the judgment on both appeals, with the modification indicated, is AFFIRMED.