Q. J. DUFFIELD, Administrator, v. ALLEN WALDEN, *et al.*, Appellants.

**Executor and Administrator:** APPLICATION OF PROPERTY. The heirs in a proceeding for the sale of decedent's real property to pay her debts may, for the purpose of exonerating the real estate, invoke an order of the court for a proper application of personal estate which the administrator claims in his individual right, and has failed to include the inventory.

**Jury Trial in Probate:** CONSTRUCTION OF STATUTE. While the county court existed, jury trial therein could be demanded only in special cases allowed by statute. The acts which transferred its powers to the circuit court authorize a jury in the trial of claims. Later acts allow one in on contest of probate. *Held*, it appears to be the legislative intent to limit jury trial in probate to cases where it is specially authorized, and hence jury trial is not a matter of right

in a contest between a surviving husband and heirs of his wife, over the distribution of her estate.

**Evidence:** PERSONAL TRANSACTION WITH DECEDENT. Where plaintiff is a surviving husband and administrator of his wife's estate, and defendants are the wife's heirs, claiming that a certificate of deposit in the wife's name, at the time of her death belonged to her estate, the husband is not a competent witness to show that he became the owner of said certificate through personal transactions with his wife, in view of Code, section 3639.

SAME. That a party against whom incompetent testimony as to a personal transaction with a deceased person is introduced has a right to cross-examine a witness does not cure the error in admitting the testimony.

*Appeal from Appanoose District Court.*—HON. T. M. FEE, Judge.

TUESDAY, OCTOBER 5, 1897.

PLAINTIFF is the administrator of the estate of Florence Duffield, deceased, who was his wife. Florence Duffield died without issue, and with only uncles and aunts as her heirs at law, who are the defendants in this proceeding. The estate of Florence Duffield consisted of real estate and personal property. In March, 1895, the plaintiff filed in the district court his petition representing that he had collected the claims due the estate, and sold the personal property belonging thereto, and that the proceeds were insufficient to pay the debts of the estate, and asked an order for the sale of the real estate after his distributive share therein should be set off to him. The defendants answered, denying that the personal property of the estate was insufficient to pay the debts, and averring that the plaintiff had neglected to inventory all the personal property belonging to the estate, and especially a certain certificate of deposit issued by the Centerville National Bank for between nine hundred and one thousand dollars. The plaintiff, in a reply, denied the averments of the answer, and upon a trial of the issues

the court found that during the pendency of the proceedings the real estate had been sold, in a proceeding by the husband to set off his distributive share, and that three hundred dollars remained, in the hands of the referees appointed to admeasure the distributive share, liable for the debts of the estate. It also found that the personal property of the estate was insufficient for the payment of the debts, and ordered the three hundred dollars in the hands of the referees to be paid to the plaintiff for that purpose. From the order of the district court the defendants appealed.—*Reversed.*

*Hart & Posten* and *Vermilion & Valentine* for appellants.

*L. C. Mechem* and *Mabry & Payne* for appellee.

GRANGER, J.—I.  The defendants demanded a jury for the trial of the issues presented, which the court denied, and error is assigned on the ruling. Chapter 86, Acts Twelfth General Assembly, created the circuit and abolished the county court, which had exercised probate jurisdiction, which included orders of the kind sought in this proceeding. The act referred to, transferred jurisdiction in probate matters to the circuit court, and a later act, abolishing the circuit court, transferred such jurisdiction to the district court. In the county court, a trial by jury could be demanded in those cases only in which such trial was expressly given. *Gilruth v. Gilruth,* 40 Iowa, 346. Nothing in the acts changing the forum indicates a legislative purpose to change the mode of trial in probate proceedings, except in particular cases, where it is specified. Prior to 1873, a jury was not allowed in the establishment of claims against an estate. The act giving the circuit court jurisdiction in probate matters provides for a jury in such cases. Code, section

2411. By a later act,—Acts Sixteenth General Assembly, chapter 11,—a jury trial is authorized where the probate of a will is contested. The grant of such a right in particular cases, after abolishing the county court, is plainly indicative of the legislative purpose, and we are without doubt that, in such proceedings as this, a jury trial is not a matter of right.

II. Florence Duffield, in her lifetime, deposited in the Centerville National Bank nine hundred fifty-two dollars and eighty cents, and took a certificate of deposit therefor in her own name. After her decease the plaintiff, in his individual capacity, indorsed the certificate, and the bank paid him the money due on it. It is this money that the defendants claim belongs to the estate, and should be used in the payment of the debts, and, if so used, it would not be necessary to sell the real estate. This money is not accounted for by the plaintiff as belonging to the estate. The only items in the inventory are a piano, sewing machine, and six oil paintings. The certificate of deposit was in evidence, and, by the cashier of the bank, the facts as to its issue and payment were made to appear. The issue should now be definitely in mind, which is, does this money in the hands of the plaintiff, belong to the estate, so that it should appear in the inventory? The certificate was, by its terms, payable to the order of Florence Duffield. The testimony of the cashier, and the certificate, unindorsed by Mrs. Duffield, are a showing of ownership by the estate. This showing should be overcome, or the inventory be made to show the money as belonging to the estate. Mr. Duffield was a witness for plaintiff, and was asked whose property the certificate was when he got it cashed. Against objections to his competency, he was permitted to answer, and he said, at first, that he thought it was his property. A cross-examination made it appear that

his claim of ownership was through a personal transaction with his wife. Defendants then asked the court to strike out the answer showing him to be the owner of the certificate, which the court refused to do. In this, we think, the court was in error. The situation was such that the money must belong to the estate unless Duffield should show himself the owner, and that could only be done by showing a personal transaction with his wife by which he became the owner. It is thought by appellee that the point is not controlled by Code, section 3639, but it seems to us to be clearly within its provisions. The defendants are heirs at law of Mrs. Duffield. The plaintiff is her husband, seeking to prove a personal transaction with her to establish a right as against her heirs at law. The section provides that: "No party to any action or proceeding, nor any person interested in the event thereof, * * * shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased * * *; against the * * * heir at law, * * * or survivor of such deceased person." Omitting the fact that Duffield is a party, in a representative capacity, and it still remains that he is a witness interested in the event of the suit, and clearly within the letter of the law making him incompetent. It is said that appellants had a right to cross-examine the witness. But that would not cure the error, for the incompetent evidence would still remain. It was their right to have the evidence excluded, and not considered. It is also said that the only question that can be considered is whether or not there is sufficient personal assets in the hands of the administrator to pay the debts, by which is meant that, whatever may be the facts, no order can be made as to the proceeds of the certificate. It is hardly to be believed that

heirs at law must, knowing that personal property belonging to an estate is not inventoried, and is in the hands of an administrator, submit to a sale of the real estate, in which they have an interest, without the right to invoke the order of the court for a proper application of the personal estate. That is what is sought in this case. No objection is made to this form of procedure, and we need not determine its regularity.

A query is submitted as to the right of creditors of the estate in case the money is misappropriated or lost. The case is not before us on such a state of facts. We are to assume, for the purposes of this case, that, if the money belongs to the estate, it will be placed there. We assume that no one would contend that the creditors must lose because of such default if the remaining property of the estate was sufficient to pay the debts. It is simply a question of the class of property to be applied. The judgment is REVERSED.