In the Matter of B. C. BRADLEY, H. G. HANSEN *et al.,* Petitioner's Application for Drainage of Lands, Appellants.

**Special Proceedings:** JURY TRIAL. In the absence of a special provision requiring it, there is no right to trial by jury in condemnation cases.

SAME. The provision of Code, Section 1947, that in cases of applications under laws Twentieth General Assembly, chapter 186, section 2, to secure the drainage of wet lands, appeals may be taken in the same manner as in the location of roads, does not imply that the method of trial shall also be the same.

SAME. An application under laws Twentieth General Assembly, chapter 186, section 2, to secure the drainage of wet lands, is a

special proceeding, in which a jury will not be allowed unless specifically provided for; and Code section 3131, providing that an action in the nature of an application under said law to secure the drainage of wet lands must be by ordinary proceedings, and section 3438, providing that the rules governing the prosecution of civil actions shall be followed in special proceedings not otherwise regulated, so far as applicable, do not authorize a jury trial on such an application.

CONSTITUTIONAL LAW. It is not a violation of the constitutional provision securing to a citizen his property unless deprived thereof by "due process of law" to refuse a jury trial in condemnation proceedings.

Appealable Orders. An appeal lies from a ruling refusing to set aside an assignment of a cause for trial by jury, and to set it for trial to the court.

*Appeal from Appanoose District Court.*—HON. M. A. ROBERTS, Judge.

FRIDAY, MAY 19, 1899.

THIS is an application under section 2, chapter 186, Laws Twentieth General Assembly, to secure the drainage of wet lands. There was a remonstrance to the petition. Upon the hearing the board of supervisors found against the petitioners, who appealed to the district court. In the district court the cause was assigned for trial by jury. Petitioners moved that this assignment be set aside, and the action set for trial to the court. The motion was overruled, and from that ruling this appeal is taken.—*Reversed.*

*Baker & Moore* and *A. F. Thompson* for appellants.

*C. F. Howell* for appellees.

WATERMAN, J.—I. We have held that an appeal lies from a ruling such as that in question. *Price v. Insurance Co.,* 80 Iowa, 408.

II. We may premise what we have to say with the statement that, in the absence of some special provision requiring

it, there is no right to a trial by a jury in condemnation cases. The reason for this rule is that at common law it was the practice to enforce the right of eminent domain by special proceedings, without the intervention of a jury. Lewis Eminent Domain, sections 311, 312; *Railroad Co. v. Trout*, 32 Ark. 17; *Koppikus v. Commissioners*, 16 Cal. 248; *People v. Blake*, 19 Cal. 579; *Whiteman v. Railroad Co.*, 2 Har. (Del.) 514; *Dronberger v. Reed*, 11 Ind. 420; *Anderson v. Caldwell*, 91 Ind. 451; *Central Branch U. P. R. Co. v. Atchison, T. & S. F. R. Co.*, 28 Kan. 453; *Langford v. Commissioners*, 16 Minn. 375 (Gil. 333); *People v. Michigan S. R. Co.*, 3 Mich. 497; *City of Minneapolis v. Wilkin*, 30 Minn. 140 (14 N. W. Rep. 581); *Plank-Road Co. v. Pickett*, 25 Mo. 535; *City of Kansas v. Hill*, 80 Mo. 523; *Backus v. Lebanon*, 11 N. H. 19; *Beekman v. Railway Co.*, 3 Paige, 45; *Livingston v. Mayor, etc., of New York*, 8 Wend. 85; *Pennsylvania Ry. Co. v. First German Lutheran Congregation*, 53 Pa. St. 445; 7 Enc. Pl. & Prac. 546. It is therefore no violation of the general constitutional provision that secures to the citizen his property unless deprived thereof by "due process of law" to refuse a jury trial in actions of this nature. Section 1947 of the Code relating to appeals in cases of this kind is as follows: "An appeal may be taken to the district court from the order of the board of supervisors in fixing the assessment upon lands, in the same manner as appeals may be taken in the location of roads, and within the same time * * * The petitioners, or any of them, and claimants for damages as compensations for lands taken or injuries sustained in any such proceedings, may in like manner appeal," etc. "And the county auditor shall keep a full and complete record of all proceedings in each case, and, upon an appeal being taken shall make out transcripts thereof as provided in appeals taken from the assessment of damages in cases of the location of roads." This provides that the appeal may be taken "in the same manner appeals may be

taken in the location of roads." The manner of taking appeals in road cases was followed in the case at bar. See Code, sections 1514, 1515. We do not think the method of trial in such cases is included in "the manner" of taking the appeal. By special provision the amount of damages to which the claimant in road cases is entitled is to be ascertained by ordinary proceedings (section 1516), and because of this he is entitled to a jury trial. *City of Des Moines v. Layman,* 21 Iowa, 154; *Sigafoos v. Talbot,* 25 Iowa, 214. It is only upon the matter of damages that the claimant is entitled to a jury in road cases. In the case at bar the appeal to the district court was from the action of the board of supervisors in refusing to order the construction of the ditch. We shall enter upon no extended argument to show that this is a special proceeding. Under our statute all controversies in courts of justice are comprehended under one of two heads (Code, section 3424),—actions or special proceedings. An action is a controversy in which one party as plaintiff seeks against another known as "defendant" the enforcement of a private right or the redress of a private wrong. Every other civil controversy is a special proceeding. Code, section 3425. In this matter there is neither a plaintiff nor defendant, though appellees have sought to make it appear there is, by the manner in which counsel entitled the documents filed in this court. Nor is a private right claimed. What is asked is of a public nature. The right of eminent domain cannot be exercised in behalf of private interests only. Unless particularly provided for, a jury is not usually allowed in a special proceeding. See, as to probate of wills prior to the enactment of chapter 158, Laws Thirteenth General Assembly, *Gilruth v. Gilruth,* 40 Iowa, 346. An appeal from an assessment for taxation is triable without a jury in the district court. *Davis v. City of Clinton,* 55 Iowa, 549. So is a proceeding in habeas corpus (*In re Bresee,* 82 Iowa, 573), and a proceeding to establish a lost corner of a survey of lands (*Gates v. Brooks,* 59 Iowa, 510-512). The very fact that specific

provision is made for trial by jury in some cases of this nature—that is, in some special proceedings—excludes the thought that all are triable in that manner of common right.

We do not think that appellees' claim derives any support from sections 3431 and 3438 of the Code.

The first of these sections provides, in effect, that an action of this kind must be by ordinary proceedings. The idea is to distinguish the method of trial from equitable procedure. That it does not mean to award a jury trial, is substantially held in the cases just cited, and also in *Shaw v. Nachtwey,* 43 Iowa, 653, and *Duffield v. Walden,* 102 Iowa, 676. Section 3438 provides that the rules governing the prosecution of civil actions shall be followed in special proceedings not otherwise regulated, so far as applicable. Keeping in view the common-law rule that a jury trial is not permissible in an action of this character, and it would seem that this is very indefinite language in which to award that right. We repeat what we said as to the other section, the cases cited are not in accord with any such construction. We reach the conclusion that the trial court erred in assigning this proceeding for trial by jury, and its action is therefore REVERSED.