IN RE ALLEGED INSANITY OF HELEN BREWER.

No. 44154.

DECEMBER 14, 1937.

774

Jno. F. Abegglen, for appellant.

John E. Miller, County Attorney, for the State.

MITCHELL, J.—On March 20, 1936, Mathilda M. Enes filed in the office of the clerk of the district court of Monroe County, an information charging Helen Brewer with being insane. A hearing was had before the commissioners of insanity of Monroe County and that body made an order, adjudging Helen Brewer insane and ordering her committed to the State Hospital at Mount Pleasant. From this order she perfected an appeal to the district court. The county attorney of Monroe County filed a motion in said cause, asking that it be assigned for trial without a jury. A resistance was filed. The court sustained the motion. Helen Brewer has appealed from that ruling.

I. The question with which we are here confronted is whether or not one who is adjudged insane by the insanity commission may on appeal to the district court have the cause determined by a jury.

Surprising as it may seem, this question appears never before to have been passed upon by this court.

Section 3560 of the 1935 Code is as follows:

"3560. Appeal. Any person found to be insane, or his next friend, may appeal from such finding to the district court by giving the clerk thereof, within ten days after such finding has been made, notice in writing that an appeal is taken, which may be signed by the party, his agent, next friend, guardian, or attorney, and, when thus appealed, it shall stand for trial anew. Upon appeal it shall be the duty of the county attorney, without additional compensation, to prosecute the action on behalf of the informant."

From this it appears that the legislature did not make any definite provision concerning the manner of trial in cases of this character, and it becomes necessary to look to other provisions. Section 10939 is as follows:

"10939. Civil and special actions. A civil action is a proceeding in a court of justice in which one party, known as the plaintiff, demands against another party, known as the defendant, the enforcement or protection of a private right, or the prevention or redress of a private wrong. It may also be brought for the recovery of a penalty or forfeiture.

"Every other proceeding in a civil case is a special action."

In the case at bar there is no party plaintiff who demands anything against the other party, Helen Brewer, or who seeks the enforcement or protection of a private right or the prevention or redress of a private wrong. The proceeding is brought against one alleged to be mentally sick, for the purpose of restraining that individual until she has recovered. Therefore, under the provisions of the statute above quoted, this is either a special action or a criminal action. This court has time and again held that it is not a criminal action.

In the case of County of Black Hawk v. Springer, 58 Iowa 417, at page 418, 10 N. W. 791, this court said:

"It is contended that before a person can be adjudged insane, he is entitled to the safeguards provided for in this section. It is clear to us that this provision applies only to criminal prosecutions or accusations, for offenses against the criminal law, where it is sought to punish the offender by fine or imprisonment. The inquest of lunacy by a board of commissioners, is in no sense a criminal proceeding. The restraint of an insane person is not designed as punishment for any act done. The insane are, by the law, taken into the care and custody of the State, for treatment for their unfortunate infirmity. In our opinion, whatever may be thought of the power of the legislative department of the State to provide a special tribunal for the examination of persons alleged to be insane, the safeguards and limitations provided by our laws for the correction of any abuse which may arise from the acts of the commissioners, are ample for the protection of the citizen. By the act of the General Assembly, approved March 26, 1880, any person found to be insane, by the commissioner of insanity, may appeal to the Circuit Court, and upon such appeal the cause shall be tried anew, and if the person is found not to be insane, he shall be discharged."

Section 11429 of the 1935 Code is as follows:

"11429. How issues tried. Issues of fact in an ordinary action must be tried by jury, unless the same is waived. All other issues shall be tried by the court, unless a reference thereof is made."

Since an inquisition of insanity is not an ordinary action it must fall under the second part of this section, wherein it is provided that the issues shall be tried by the court.

In the case of In re Bradley, reported in 108 Iowa 476, at page 479, 79 N. W. 280, 281, we find this court said:

"In the case at bar the appeal to the district court was from the action of the board of supervisors in refusing to order the construction of the ditch. We shall enter upon no extended argument to show that this is a special proceeding. Under our statute all controversies in courts of justice are comprehended under one of two heads (Code, section 3424),—actions or special proceedings. An action is a controversy in which one party as plaintiff seeks against another known as 'defendant' the enforcement of a private right or the redress of a private wrong. Every other civil controversy is a special proceeding. Code, section 3425. In this matter there is neither a plaintiff nor defendant, though appellees have sought to make it appear there is, by the manner in which counsel entitled the documents filed in this court. Nor is a private right claimed. What is asked is of a public nature. The right of eminent domain cannot be exercised in behalf of private interests only. Unless particularly provided for, a jury is not usually allowed in a special proceeding."

In re Bresee, reported in 82 Iowa 573, 48 N. W. 991, altho this court did not have before it the question with which we are confronted, did point the way. We find the following, 82 Iowa 573, at pages 577, 578, 48 N. W. 991, 992:

"It is especially urged, in support of another trial, that the appellant was entitled to a trial by jury in the district court. The determination of this question is important. It is purely a special proceeding, and hence, technically, not a 'civil action,' which is defined to be a proceeding in which one party, known as the 'plaintiff,' demands against another party, known as the

'defendant,' the protection of a private right or the redress of a private wrong. Code, sec. 2505. Being another remedy in a civil case it is a special proceeding. Code, sec. 2507. Special proceedings are not classed as 'ordinary' or 'equitable' by the Code, and we may now consider its provisions as to what causes are triable by jury. Section 2740 is as follows:

" 'Issues of fact, in an action by ordinary proceeding, must be tried to a jury, unless the same is waived. All other issues shall be tried by the court, unless a reference thereof is made.' The issues in this proceeding are 'other' than those 'in an action by ordinary proceedings,' and, hence, under the letter of the statute, are to be tried by the court. It may be well here to observe that proceedings denominated as 'special' have been in this court, where the issues below have been tried to a jury; but an examination will show, we think, that in each of such cases the proceeding, if special at its inception, had so changed in its progress as to present parties plaintiff and defendant with private rights to be determined, and, hence, became an action by ordinary proceedings.

"It is urged that the appellant was entitled to a jury trial in the district court, under the constitutional guaranties that the right of trial by jury shall remain inviolate; and in all criminal prosecutions, and in cases involving the life or liberty of an individual, the accused shall have a right to speedy and public trial by an impartial jury. These provisions are found in sections 9 and 10 of article 1 of the constitution of the state. In Black Hawk County v. Springer, 58 Iowa 417, 10 N. W. 791, this court considered the rights of a person charged with insanity to a trial by jury under these provisions of the constitution, and held that they applied 'only to criminal prosecutions or accusations for offenses against the criminal law, where it is sought to punish the offender by fine or imprisonment.' It is also there determined that the 'inquest of lunacy' is not a criminal proceeding. Chavannes v. Priestley, 80 Iowa 316, 45 N. W. 766 [9 L. R. A. 193]. It thus appears that the constitution does not impair the statutory authority as to how the issues in such a proceeding are to be tried."

We find that this is a special proceeding, and, under the decisions of this court, unless a jury is provided for, it is triable to the court.

The history of this statute is interesting. Section 859 of the 1851 Code provided:

"Sec. 859. Inquiry. When the court is informed that any person in the county is insane, and is satisfied there is sufficient cause for an inquiry it may cause the person to be brought before it and inquire into the facts by testimony and may summon witnesses therefor, and a jury may be demanded by or on behalf of the defendant."

No appeal from such findings is provided. This was also the law under the 1860 Code, section 1480. The legislature in the Code of 1873 provided a commission to make the investigation as to the alleged insanity, instead of the court, and took away the trial by jury. However, it provided for an appeal to the district court. Section 1401 of that Code. The legislature did not include the provision of trial by jury; it dropped that from the statute when it provided for hearing before the insanity commission and the appeal to the district court. Hence now the statute provides only that upon the appeal the cause is triable anew. Deliberately, it appears, the legislature did not provide for a jury trial; it changed the provision by taking out the trial by jury and giving the right of appeal. The legislature of course had the right to provide for a trial by jury, but it failed so to do.

II. The next question urged is that the denial of a jury trial invades the rights guaranteed by Article I, Sections 9 and 10, of the Constitution of Iowa, which read as follows:

"Right of trial by jury—due process of law. Sec. 9. The right of trial by jury shall remain inviolate; but the General Assembly may authorize trial by a jury of a less number than twelve men in inferior courts; but no person shall be deprived of life, liberty, or property, without due process of law.

"Rights of persons accused. Sec. 10. In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a right to a speedy and public trial by an impartial jury; to be informed of the accusation against him, to have a copy of the same when demanded; to be confronted with the witnesses against him; to have compulsory process for his witnesses; and, to have the assistance of counsel."

This court in the very recent case of Wissenburg v. Brad-

ley, reported in 209 Iowa 813, 229 N. W. 205, discusses at length the rights guaranteed in Article I, sections 9 and 10, of the Constitution of Iowa. True, this is not a case involving an insane person but a child sent to a state industrial school; as to whether the child was deprived of its liberty without due process of law because it was denied a trial by jury. We read, 209 Iowa 813, at page 816, 229 N. W. 205, 207:

"Petitioner's contention is that he has been deprived of his liberty without due process of law, by reason of the fact that he was not tried to a jury. It has been frequently announced by this and many other courts that due process of law, within the meaning of both the Federal and state Constitutions, does not necessarily imply a trial by jury. McKeever v. Jenks, 59 Iowa 300, 13 N. W. 295; Yeomans v. Riddle, 84 Iowa 147, 50 N. W. 886; In re Bradley, 108 Iowa 476, 79 N. W. 280; Ross v. Board of Supervisors, 128 Iowa 427, 104 N. W. 506, 1 L. R. A. (N. S.) 431; Hunter v. Colfax Cons. Coal Co., 175 Iowa 245, 154 N. W. 1037, 157 N. W. 145, L. R. A. 1917D, 15, Ann. Cas. 1917E, 803."

On page 819 of 209 Iowa, 229 N. W. 205, 208, the court continues:

"It was never so regarded in England, nor has it been in this country in but few instances, notably cases in New Hampshire, and in People ex rel. O'Connell v. Turner, 55 Ill. 280, 8 Am. Rep. 645. That case was, in effect, overruled by later cases, and is not now considered as authority. Petition of Ferrier, 103 Ill. 367, 43 Am. Rep. 10; McLean Co. v. Humphreys, 104 Ill. 378. As said, in substance, in the Ferrier case, the proceeding is not one according to the course of the common law, in which the right of trial by jury is guaranteed, but a mere statutory proceeding for the accomplishment of the protection of the helpless, which object was accomplished before the Constitution without the enjoyment of a jury trial. There is no restraint upon the natural liberty of children contemplated by such a law,— none whatever; but rather, the placing of them under the natural restraint, so far as practicable, that should be, but is not, exercised by parental authority. It is the mere conferring upon them that protection to which, under the circumstances, they are entitled, as a matter of right. It is for their welfare and that of the community at large. The design is not punishment,

nor the restraint imprisonment, any more than is the wholesome restraint which a parent exercises over his child. The severity in either case must necessarily be tempered to meet the necessities of the particular situation. There is no probability, in the proper administration of the law, of the child's liberty being unduly invaded. Every statute which is designed to give protection, care and training to children, as a needed substitute for parental authority and performance of parental duty, is but a recognition of the duty of the state as the legitimate guardian and protector of children where other guardianship fails. No constitutional right is violated, but one of the most important duties which organized society owes to its helpless members is performed, just in the measure that the law is framed with wisdom and is carefully administered. The conclusions above expressed are in accordance with adjudications elsewhere, with but very few exceptions.''

The case of In re Bresee, 82 Iowa 573, 48 N. W. 991, is also offered for this proposition.

In the case of an insane person the purpose of an inquisition of insanity is to aid and assist the individual, to provide means whereby the State may protect its unfortunate citizens, to furnish hospitalization and treatment so that the insane will have an opportunity to rehabilitate and readjust themselves into useful and happy citizens. It is not a criminal proceeding in any way. The restraint placed upon them is only until they have recovered so that they may again take their places in the communities from which they came. The confinement is not intended as a punishment, but solely and only to provide the mentally sick with that environment that may possibly cure the disease and return them to society as useful citizens.

No constitutional right is violated.

This opinion expresses the views of the Court, but not of the writer of the opinion, whose views are set out in a dissenting opinion.

It necessarily follows that the lower court was right, and its judgment and decree must be, and it is hereby, affirmed.— Affirmed.

HAMILTON, C. J., and ANDERSON, KINTZINGER, DONEGAN, RICHARDS, and STIGER, JJ., concur.

MITCHELL and SAGER, JJ., dissent.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority and therefore respectfully dissent.

The question which confronts us is an all-important one. It involves depriving a citizen of her liberty without a trial by jury. It gives to the court the right to pass upon a fact question, namely, the sanity of an individual, rather than having that question determined by a jury.

In section 3560 of the 1935 Code the legislature did not make any definite provisions concerning the manner of trial of cases of this character. However, it should be noted that the section does not provide that an appeal must be tried *without* a jury.

The majority opinion holds that this is a special proceeding because there is no plaintiff and no defendant. Anyone is given the right to file an information charging an individual with being insane. In this case Mathilda M. Enes is the informant. She is in truth and in fact the plaintiff and Helen Brewer is the defendant. What prompted Mathilda M. Enes to file this information does not appear in the record. She may have imagined or considered the person charged with being insane as a menace, threatening some rights of hers, and for that reason instituted the cause. There being a plaintiff and a defendant, under the statute this is a civil action, and on appeal it is triable as an ordinary action. This is borne out, it seems to me, by the last part of section 3560 of the 1935 Code, which reads as follows:

" * * * Upon appeal it shall be the duty of the county attorney, without additional compensation, to prosecute the action on behalf of the *informant*", not upon behalf of the county, the public, or the commission, but upon behalf of the informant. To sustain the allegations of the informant by proof is what the county attorney is required to do.

Section 10940 of the 1935 Code abolishes all forms of action.

Let us look now at the cases cited in the majority opinion.

Black Hawk County v. Springer, 58 Iowa 417, 10 N. W. 791, was not an insanity case but an action in which the county claimed compensation from an estate of one who had been adjudged insane by the commissioners and who was committed to the State Hospital and there cared for at the expense of the county. The question of a trial to a jury on appeal, under sec-

.tion 3560 of the Code, was not put in issue, nor was it referred to by this court.

In re Bresee, 82 Iowa 573, 48 N. W. 991, did not involve the question of whether the lady was entitled to have the appeal tried to a jury. The sole question was whether she was entitled to the appeal at all. So it is apparent that whatever this court may have said in the Bresee case as to the right of a jury trial, was mere dictum.

In the case at bar we are not confronted with the question of whether or not the appellant is entitled to an appeal. That is conceded. The question is: Must she submit her case to the court, without a jury?

The case of Wissenburg v. Bradley, 209 Iowa 813, 819, 229 N. W. 205, 208, does not involve an insane person, but rather a child, a minor, sent to a state industrial school. The opinion is based upon the fact that the "State [is] the legitimate guardian and protector of children where other guardianship fails." The party involved in the case at bar is not a minor.

The only case involving an appeal from the finding of an insanity commission that this court has passed upon is the case of In re Insanity of Fleming, 196 Iowa 639, 195 N. W. 242. In that case, under the very statute with which we are here concerned, Fleming's case was submitted to a jury, which passed upon the question of whether he was insane. It is true, in the Fleming case the question of whether he was entitled to a trial by jury was not raised. But, isn't it fair to assume that if he was not entitled to a jury trial, surely the lower court and the able county attorney and his assistant would have called attention to that fact? And certainly this court would have called attention to the error in the trial of the case when it was before it for review. The truth is that it has been understood and regarded by both the bench and the bar that the person informed against in an insanity case is entitled to a jury trial upon appeal. To show the intent of the legislature it seems to me we need but call attention to the fact that where it is sought to have a guardian appointed for the person or property of one charged with being insane, that question must be submitted to a jury. Surely, when the individual's liberty is at stake, where is concerned the question of whether that individual shall be sent to the State Hospital and confined there for a period of time, that

all-important question of the taking away of the liberty of that person should be submitted to a jury.

I would reverse the case.

I am authorized to state that Justice Sager joins in this dissent.