STANLEY PROCHASKA, appellant, v. WILLARD C. BRINEGAR, M.D., Superintendent of the Mental Health Institute, Cherokee, appellee.

No. 49932.

(Reported in 102 N.W.2d 870)

MAY 3, 1960.

George D. Pappas and Brown & Nordenson, all of Sioux City, for appellant.

Norman A. Erbe, Attorney General, Marion R. Neely, Assistant Attorney General, James L. McDonald, Cherokee County Attorney, and William B. McDonald, Assistant County Attorney, for appellee.

HAYS, J.—Habeas corpus proceedings under chapter 663, Code of 1958, by one confined in a mental hospital against the Superintendent thereof. The petition alleges that at the preliminary proceedings before the Commissioners of Insanity of Humboldt County, Iowa, he was denied due process of law, that said proceedings are void, and demands his release. Upon a hearing the writ was annulled and he appeals.

The proceedings before the Commissioners appear to be in conformity with the requirements of chapter 229, Code of 1954. In March 1957 an Information was filed as required by section

229.1. Counsel was appointed, section 229.5. The Commissioners ruled the presence of the party would be of no advantage and he was not given notice of the hearing before the Commissioners, section 229.4. A regular practicing physician was appointed who examined the accused and filed his report recommending that he be sent to the screening center at Cherokee, Iowa, for further observation and treatment. Sections 229.6, 229.7 and 229.9. He was received at the screening center and approximately six months later, September 5, 1957, the Superintendent of the center recommended a commitment and on September 9, 1957, the commitment was ordered, section 229.17. No appeal was taken under either section 229.9 or 229.17.

Upon the hearing in the trial court, evidence was received showing that the attorney, appointed to represent plaintiff before the Commissioners, was present and saw that the statutory steps, set forth in chapter 229, were complied with. It shows, however, that such attorney did not see or talk with the plaintiff. There is also evidence that plaintiff, just prior to the time material here, had been released from the penitentiary at Fort Madison after serving twelve years for attempted murder, and part of this time was spent in the ward for the criminally insane at Anamosa, Iowa. He was arrested in Humboldt County and sentenced to three days in jail for operating a car without a license and was in jail at the time of the proceedings before the Commissioners. Plaintiff was not notified of the proceedings until he was taken to the screening center on March 11, 1957. There is also medical testimony to the effect that he is a "Schizophrenic" and is deemed potentially dangerous out in society without proper supervision.

The ruling of the trial court was, "The evidence indicates that he was represented by counsel at the time of the preliminary information hearing; all statutory requirements have been met; and the writ is denied."

Appellant assigns four propositions, we assume them to be four alleged errors on the part of the trial court. They are: (1) Judgment contrary to law; (2) judgment contrary to the

evidence; (3) judgment violated State and Federal Constitutions, in depriving him of his liberty without notice and the opportunity to defend; (4) judgment failed to recognize the statute requiring representation by counsel of an accused in insanity proceedings. They are submitted as one proposition, i.e., failure to recognize the mandatory provisions requiring counsel for the accused precluded him from his constitutional rights to notice of hearing, opportunity to defend, right of trial by jury, which resulted in appellant's loss of life and liberty without due process of law.

Assuming that appellant is entitled to proceed under chapter 663, rather than under section 229.37, two propositions are of paramount importance: Jurisdiction of the Board of Insanity Commissioners over the subject matter and person of the appellant, and, was appellant accorded due process. Sewell v. Lainson, 244 Iowa 555, 57 N.W.2d 556. As to the jurisdiction there is no complaint made and clearly such would have been useless under this record. It had jurisdiction to do just what it did do, and the trial court so found.

Upon the question of due process, in cases of this type this court has spoken upon several occasions. In The County of Black Hawk v. Springer, 58 Iowa 417, 10 N.W. 791, it was held that the right of appeal from a finding of the Commissioners that one is insane, where done without notice to him and without his presence, affords him due process of law. See also Chavannes v. Priestley, 80 Iowa 316, 45 N.W. 766, 9 L. R. A. 193; Corcoran v. Jerrel, 185 Iowa 532, 170 N.W. 776, 2 A. L. R. 1579; Hiatt v. Soucek, 240 Iowa 300, 36 N.W.2d 432.

Appellant, in addition to his complaint of lack of notice and his presence at the hearing, asserts lack of counsel at the hearing also deprived him of his liberty without due process of law. Section 229.5 provides, "* * *. If at said hearing such person appears without counsel or appearance is made in his behalf without counsel, the commission, before proceeding further, shall inform such person * * * of his right to legal counsel, then if no counsel is employed, the district court shall assign him counsel. * * *." That there was at least a technical compliance with the statute by the Commissioners cannot be

in doubt under this record, and it appears without contradiction that such counsel was present throughout the hearings. The Commissioners ruled it would not be wise for appellant to be brought before them. The doctor duly examined him and found him to be, in his judgment, insane and a fit subject to be placed in the screening center for further observation and treatment. There was also before the Commissioners some rather irresponsible and incoherent letters written by appellant to the woman who was the victim of his attempted murder conviction. True, no appeal was taken by counsel on his behalf, but no statute so requires. Everything done by counsel appears to have been regular except, perhaps, that he did not meet and consult with him. Are the members of this court to say, based upon this record, that the failure to consult with the appellant resulted in a denial of due process? We think not. Certainly if any presumption is to be indulged in, it is that counsel performed his duties according to law and, as it appeared to him, acted for the best interest of his client. It must be kept in mind that appellant is not charged with a crime and is not so incarcerated. He is being restrained of his liberty in that he is not free to come and go at will, but such restraint is not in the way of punishment but for his own protection and welfare as well as for the benefit of society. Such loss of liberty is not such liberty as is within the meaning of the constitutional provision that " 'no person shall be deprived of life, liberty, or property, without due process of law.' " Corcoran v. Jerrel, supra, at page 536 of 185 Iowa.

The foregoing matters have to do entirely with the preliminary proceedings and order that sent appellant to the screening center in March 1957. The commitment under which he is now being held was made in September 1957. This order of commitment appears to be deemed a proceeding independent of the preliminary hearing as an appeal is authorized from said order. No appeal was taken and no irregularity or lack of due process is asserted against such order. Under this record and chapter 663, as it has been construed by this court, the annulling of the writ was proper.

Finding no error the judgment of the trial court is affirmed. —Affirmed.

LARSON, C. J., and GARFIELD, THOMPSON, PETERSON, and GARRETT, JJ., concur.

THORNTON, J., dissents.

BLISS and OLIVER, JJ., not sitting.