LAFAYETTE LUNDY, Appellee, v. MILTON LUNDY AND MRS. C. C. KISER, Appellants.

**Will:** PROBATE: DECLARATIONS OF PROPONENT: EVIDENCE. Where
1   the proponent of a will is the principal beneficiary, and the
will is contested on the ground of incompetency and undue in-
fluence, it is error to exclude evidence that proponent on a
former occasion, when the testatrix had made a disposition of
her property by contract and will, had said that she was men-
tally incompetent, easily persuaded, and had applied to his
counsel to institute proceeding to invalidate the former dis-
position of her property on the ground of mental incapacity
and undue influence.

**Prejudicial Error.** Where material and competent evidence is ex-
2   cluded, prejudice will be presumed in the absence of a show-
ing in the record of something which serves to cure the error.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge.

THURSDAY, OCTOBER 30, 1902.

CONTEST of will.   The opinion states the essential facts of the case.—*Reversed.*

*L. C. Blanchard* and *Liston McMillen* for appellants.

*Bolton & Bolton* and *McCoy & McCoy* for appellee.

WEAVER, J.—The plaintiff is executor and principal beneficiary of the will of his mother, Nancy Lundy, deceased, and offers the instrument for probate. The de-
fendants, brother and sister of the plaintiff, contest the probate of said instrument, alleg-
ing that at the date thereof the testatrix was of unsound mind, and that the execution of the paper was obtained by the undu · influence of the proponent. There was a trial to a jury, and verdict sustaining the will, and the contestants appeal.

*(margin note: 1. WILL: probate: declarations of proponent: evidence.)*

Upon the trial, the proponent, having made formal proof of the due execution of the will, rested his case, and thereupon the contestants produced and examined as witnesses Milton Lundy, one of the contestants, and Robert C. Kiser, husband of the other. The testimony of these witnesses tended to show that the testatrix, at the date of the will, was about seventy-four years of age; that about three years prior to that date she entered into a contract with her son-in-law, the witness Kiser, to convey him the land, which constituted the principal part of her property, in consideration of which he was to move upon the land, and care for his mother-in-law during her life, and, in addition thereto, pay her a sum of money; that on the same date she executed a will making an equal distribution of her estate among her three children; that the proponent and Milton Lundy, upon hearing of this transaction, took measures to have it rescinded, and succeeded in having the contract abandoned, and the papers, including the will, destroyed. The contestants also sought and offered to prove by these witnesses that when proponent objected to the arrangement between the testatrix and Kiser he repeatedly stated in quite emphatic terms that the old lady was mentally incompetent to transact business, and could easily be persuaded into doing anything, and that he applied to his counsel to institute proceedings to invalidate said contract upon the charge of mental incapacity and undue influence. Numerous questions were put to the witnesses to bring out these facts, but the answers were ruled out upon the ground that they were incompetent, irrelevant, and hearsay, and that, so far as the statements were made in the attorney's office, they were privileged. The correctness of these rulings is the only point presented by the appeal. In view of the fact that the proponent is by the will made the recipient of substantially the entire estate of the testatrix, and that he was before the court asserting her soundness of mind and capacity t

make a testamentary disposition of her property, and that the contestants directly charged him with exerting undue influence over his mother, it is the opinion of this court that the offered testimony does not come within the rule of the *Ames Case*, 51 Iowa, 596, and its exclusion was error. The decision in the case referred to was based, in part at least, upon the fact that several parties were interested in' sustaining the will, and it was incompetent to admit the declarations or admissions of one of them to t*e prejudice of the others. Such is not the record now before us, and we are not inclined to extend the doctrine. stated in the *Ames Case* beyond the limits there indicated.

It is urged by the appellee that the ruling complained of was without prejudice, but we are unable to so hold. There is at least some evidence in the record tending to 2. PREJUDICIAL show that the testatrix was of unsound mind, error. and we cannot assume' that the excluded evidence would not have had some effect upon the verdict of the jury. Where material and competent testimony is ruled out, prejudice will be presumed, in the absence of a showing in the record of something which we can say serves to cure the error. *George v. Railroad Co.*, 53 Iowa, 503.

The judgment appealed from is REVERSED.