WILLIAM J. LAWLESS, Minor, by his Guardian and next Friend, MARY E. LAWLESS, Appellant, v. JAMES LAWLESS, et al.

**Wills:** PROBATE: EVIDENCE: DECLARATIONS OF DEVISEE.  The declarations of one devisee against his interest are not admissible in a probate proceeding, if the effect would be to overthrow the will, which includes provisions in favor of other devisees.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, APRIL 10, 1912.

IN a proceeding for the probate of the will of James Lawless, deceased, plaintiff, a minor, by his guardian and next friend, filed objections to the probate on various grounds.  Objections were also filed by Michael Lawless. On issues properly raised the case proceeded to trial on the objections interposed by William J. Lawless, minor; Michael Lawless having withdrawn his objections filed. At the conclusion of the introduction of evidence in behalf of the plaintiff, the court, on motion, directed a verdict for the defendants, the proponents of the will, and a judgment was entered admitting the will to probate, from which judgment the plaintiff appeals.—*Affirmed.*

*D. M. Vinsonhaler, Amos E. Henely,* and *Walter Stillman,* for appellant.

*A. L. Preston* and *John P. Organ,* for appellees.

McCLAIN, C. J.—It was conceded on the trial that

the only ground of contest suppored by evidence either received or offered was that of undue influence on the testator exercised by Nellie Lawless, a daughter, with whom testator resided, and who is one of the proponents. The evidence offered to sustain this ground of contest was testimony of witnesses by whom it was proposed to prove certain declarations of the daughter, Nellie Lawless, made after the execution of the instrument, indicating that she had exercised some influence over the testator with reference to the disposition of his property. This proffered testimony was rejected, on objections interposed for the proponent that proof of such declarations was not admissible, in view of the fact that in a contest as to probate of a will the declarations of one devisee tending to show undue influence are not admissible, if the instrument provides for devises to others having no joint interest with the devisee whose declarations it is proposed to prove.

To make clear the relations of the parties and their respective interests under the will in question, it should be stated that proponent James Lawless, a son of testator, was made executor of the will, and that to him was devised an eighty-acre tract of land; that to another son, Michael Lawless, was devised another eighty-acre tract of land, subject to the payment of $1,200 to William Lawless (contestant), the only son of a deceased son of testator; and that to Nellie Lawless, a daughter of testator, with whom he resided at the time the will was executed, was devised a tract of one hundred and twenty acres of land, with residence property and testator's personal property. The will specifically recites that the sons and daughter named were the only living children of testator, and that William Lawless was the only grandchild representing a deceased child, and the reason assigned for making no other or different provision for William Lawless was that his father had received during his lifetime a fair proportion of testator's property.

This court has frequently announced its adherence to the rule, first definitely recognized in this state in the case *In re Estate of Ames*, 51 Iowa, 596, that, in a contest as to the validity of a will on grounds of unsoundness of mind or undue influence, declarations of one devisee, tending to show such unsoundness of mind or undue influence, are not admissible if there are other devisees, not joint with the declarant, whose interests would be prejudiced by the refusal to probate the will on grounds which such declarations tend to establish. Recent cases supporting this rule are *Herlrich v. Herlrich*, 114 Iowa, 643; *Fothergill v. Fothergill*, 129 Iowa, 93; *Vannest v. Murphy*, 135 Iowa, 123; *Casad v. Ripley*, 145 Iowa, 544; *James v. Fairall*, 154 Iowa, 253.

Counsel for appellant cite the case of *Lundy v. Lundy*, 118 Iowa, 445, as in some way qualifying this rule; but that case seems to be based upon a well-recognized exception, that declarations of the sole devisee tending to show want of mental capacity or undue influence are admissible as declarations against interest. See *James v. Fairall, supra*. The subsequent cases already cited indicate no other exception, nor do they suggest any inclination on the part of the court to abandon the rule first announced in the *Ames* case. Many authorities from other states are cited, in our own cases above referred to, to indicate that the rule as we have adopted it is supported by the weight of authority. It would be superfluous to now cite or refer to the cases from other states to which our attention is called by counsel for appellee. They are collected in text-books on the subject. See 1 Underhill, Wills, Section 163; Page, Wills, section 424; 1 Greenleaf, Evidence, section 176; 2 Wigmore, Evidence, section 1081. By these authors the weight of authority is announced as supporting the rule adopted in the *Ames* case.

It is difficult to see how, in cases similar to that now before us, the will could be treated as consisting of several

parts, and the devise to the beneficiary whose declarations tend to impeach it on the ground of undue influence or want of mental capacity annulled, and the other portions making devises to other beneficiaries sustained; and it is clear that the devises to beneficiaries not bound by the declarations of the beneficiary making them should not be affected by such declarations, which, as to them, are purely hearsay evidence. The will must be treated as one instrument, and must be found on competent evidence not to be the will of the testator in order to justify the court in rejecting it. We must adhere to the rule often announced, and hold that the testimony tending to show declarations of one devisee against his interest are not admissible, if the effect of admitting such declarations would be to overthrow a will which includes provisions in favor of other devisees.

The judgment is therefore *Affirmed.*