IN RE INSANITY OF L. A. FLEMING.

PAUL FLEMING et al., Appellees, v. L. A. FLEMING, Appellant.

**WITNESSES: Husband and Wife—Issue as to Insanity.** The wife of a party sought to be adjudged insane may, on such issue, testify to her *observations* of her husband and his health.

**WITNESSES: Physicians—Mental Condition.** A physician may testify as to his observations of the mental condition of a patient.

**TRIAL: Instructions—Nonexpert Opinions.** It is not erroneous for the court to instruct the jury that the opinion of a nonexpert that a certain person is sane must be based on the facts detailed by the witness.

*Appeal from Taylor District Court.*—A. R. MAXWELL, Judge.

OCTOBER 16, 1923.

IN a hearing before the commissioners of insanity, defendant was found to be insane, and a fit subject for custody and treatment in the hospital for the insane. On appeal to the district court, a jury made a like finding, and he appeals.—*Affirmed.*

*Flick, Flick & Lucas* and *Wisdom & Kirketeg,* for appellant.

*H. P. Jaqua,* County Attorney, and *James R. Locke,* for appellees.

PRESTON, C. J.—In his brief points, appellant says that the trial court erred in permitting the wife of the defendant, who is one of the plaintiffs, to testify over objection, to her observations of her husband and his health. The claim is that this evidence was received contrary to the provisions of Sections 4606, Code Supplement, 1913, and 4607 of the Code. Also, that the court erred in admitting evidence of practicing physicians, contrary to Section 4608, Code Supplement, 1913. Appellant states in argument that no time will be consumed in arguing these propositions.

1. As to the testimony of the wife, the cases cited by appellant are criminal cases. The instant case is in no sense a criminal case. It is a special action for the benefit of the defendant. Code Sections 2265, 2266, 2267; *County of Black Hawk v. Springer,* 58 Iowa 417; *In re Harmsen* (Iowa), 167 N. W. 618

1. WITNESSES: husband and wife: issue as to insanity.

(not officially reported) ; *Corcoran v. Jerrel,* 185 Iowa 532, 534. Appellant relies, for the most part, upon the case of *Hertrich v. Hertrich,* 114 Iowa 643. That case was reviewed by this court in *Sexton v. Sexton,* 129 Iowa 487, 494, where it was said of the *Hertrich* case that the peculiar facts therein brought it clearly within the rule, and that it was not intended to declare the general exclusion in all cases, having no regard for the character of the circumstances of a communication. The trial court seems to have carefully guarded this matter, and did not permit her to testify to any communications which were of a confidential nature. The trial court held that no communication made to the wife by appellant when no one was present, should be admitted.

We think the ruling of the trial court is sustained by the following cases: *Sexton v. Sexton,* supra; *Wright v. Wright,* 114 Iowa 748, 754. See, also, 5 Wigmore on Evidence (2d Ed.), Section 2336; 40 Cyc. 2355.

2. Some of the testimony of the medical witnesses went in without objection. As to some of it, the answer was given based upon a hypothetical question. In ruling on defendant's objec-

2. WITNESSES: physicians: mental condition.

tions to such testimony, the court stated that the objection would be sustained as to communications, but overruled as to observations. The evidence was so limited. The rule against disclosure by physicians has been held not applicable in inquisitions in lunacy, and in will contests between heirs. 40 Cyc. 2388, 2389. The case was squarely before this court in the *Harmsen* case, supra. That was a case of this character, and the court held that a physician may testify as to mental condition of the patient whom he attended, as he observed it, even though he attended him professionally. A number of Iowa cases are cited in the opinion to sustain the proposition. There was no error at this point.

3. Alleged error as to some of the instructions is argued. Only four of the thirteen or more instructions given by the court are set out in the abstract. Three of these are complained of.

As to Instruction No. 3, the complaint is that there was no evidence in the record as to one or two elements to constitute insanity. The trial court did not, in this instruction, recite the facts which the jury might consider in determining whether the defendant was or was not insane. The instruction is short, and is a general definition of insanity. It is doubtless elaborated upon in other instructions not before us.

4. Instruction No. 11 is thought to be erroneous. It has reference to the opinions of nonexpert witnesses as to the soundness or unsoundness of mind of the defendant. The part complained of is as follows:

3. TRIAL: instructions: nonexpert opinions.

"The law requires the opinions of such witnesses to be based upon the facts which are given in evidence and detailed to the jury by said witnesses, before giving said opinion; and it is for you to say what weight is to be given to such opinion of any such witnesses, after first deter-

mining whether the facts and circumstances testified to by them were consistent with unsoundness or soundness of mind, as elsewhere defined in these instructions.''

Appellant says of this instruction that, while it may be correct as applied to the testimony of nonexpert witnesses who undertake to declare that the subject is insane, it is incorrect as to those witnesses who have known the subject for a long time, or any time, and declare that he is sane, because the witness must state the facts upon which he bases his opinion, in testifying to both insanity and sanity. In the latter instance, the witness is permitted to say that he knows the subject, and how long, and that he has observed him, and, without further qualifications, to declare that he is sane. That is doubtless true as to a ruling on the admissibility of evidence, and it is equally true in this instruction. It may be, as contended, that a witness testifying to insanity must detail the facts upon which he bases his opinion. If it is claimed that the party is sane, there would be few facts which a witness could detail, if there was nothing out of the normal. But even such a witness must state the facts upon which he bases his opinion: that is, his observation of the person and acquaintance with him, and such facts as are possible to detail in such a case. These are facts, nevertheless, upon which the witness bases his opinion. In another part of the instruction, the trial court left it to the jury as to what weight they would give the testimony and opinion of any such witnesses, and said that the weight to be given such opinions was within the sound judgment and discretion of the jury, and that they should consider, in connection therewith, the facts disclosed by the witnesses who had given opinions of soundness or unsoundness of mind, based upon their observations of defendant, as detailed in evidence.

5. Finally, Instruction No. 13 is criticized. The criticism is that one of the witnesses for plaintiff was a distinguished alienist, and that the instruction was an invitation to give more weight to his testimony than should be given to that of other witnesses testifying to sanity; that it invaded the province of the jury, and implies that more weight should be given to the expert than to a lay witness. The substance of the instruction follows:

''You are instructed, etc., that, while it is true that the testi-

mony of medical men of large experience, as a general rule, in this class of cases, is entitled to more consideration or weight than that of unprofessional men, still, whether the testimony of medical men who have testified in this case is entitled to more than other witnesses is a question entirely for the jury, to be determined after a careful consideration of all the evidence,'' etc.

We are unable to see any just criticism of this instruction. It is true that evidence of medical men of large experience, as a general rule (and the court was only stating the general rule), is entitled to more weight than that of some others; but in this case, the trial court left it entirely to the jury to say what weight they would give to such witnesses, and to all the witnesses.

We discover no prejudicial error in the record, and the judgment is affirmed.

Appellees have filed a short additional abstract. We think there was no impropriety in this. Appellant's motion to strike is overruled.

EVANS, ARTHUR, and FAVILLE, JJ., concur.